## MANNING v. MARKEL *et al.*

1. **Mortgage:** REDEMPTION. A junior mortgagee, having assigned the mortgage as collateral security for a debt of his own, may redeem the mortgage premises from a sale made in the foreclosure of a senior mortgage; and such redemption will inure to the benefit of the assignee of the junior mortgage.

2. ——— The refusal of the assignee to ratify the unauthorized action of the assignor as his agent, does not affect his rights relating to such redemption.

*Appeal from Davis District Court.*

WEDNESDAY, JUNE 21.

THIS is a suit to foreclose a mortgage executed by Markel to H. B. Horn and J. B. Weaver, to secure three promissory notes — two to Horn and one to Weaver — which were assigned by them to Manning as collateral security for a debt due by Horn to Manning, which is still' unpaid. One Seabury had a judgment against Markel, which was a prior lien upon the mortgaged property, and under which it was sold. Within nine months after the sale, it being also after the transfer of the notes to Manning, Horn claiming to act as agent for Manning, with the consent of the execution purchaser, redeemed from the sale

and made an entry on the proper book in the clerk's office, of Manning's willingness to allow the whole of his mortgage claim as a credit on such redemption. At the time Horn so redeemed, he took a blank assignment of the certificate of sale.

Manning denied the agency of Horn, and brought his suit to foreclose his mortgage, and therein, among other things, the issue was made as to setting aside the allowance of the whole of his mortgage claim as a credit on the redemption, and the same was set aside and the redemption declared to be for the benefit of Horn.

Phelps, Bliss & Co., having at the same time a judgment against Horn, levied upon the property mortgaged by Markel, and redeemed from the execution sale by Horn, and sold the same as Horn's property, claiming, that since Manning disaffirmed Horn's agency, the redemption operated to invest Horn with the title, so as to make it subject to their judgment lien, and to defeat the lien of the mortgage; and the District Court so held.

The plaintiff, Manning, appeals.

*C. C. Nourse* for the appellant.

*S. S. Caruthers* for the appellee.

COLE, J. — Although Horn was not the agent of Manning, so as to bind him by an agreement to credit the whole of the mortgage claim, by reason of the redemption (see Rev., §§ 3344, 3345), yet his relation of debtor to Manning and assignor of the mortgage claim, as collateral to secure such debt, would authorize him, with the consent of the holder of the certificate, to redeem for the purpose of protecting such mortgage claim, which would inure to his benefit. As mortgagee of the property, claiming under the judgment debtor, Markel, his mortgagor, and in which mortgage claim he was still

1. MORT-
GAGE: re-
demption.

interested (having only assigned the same as collateral), he had such an interest in the property as, with the consent of the holder of the certificate, gave him the right to redeem from the execution sale, in order to protect that claim. Rev., §§ 3333, 3334. This right thus to redeem, for such purpose, did not clothe him with any authority to bind Manning by any agreement as to what extent of credit should be allowed the judgment and mortgage debtor for the property. Manning might, therefore, if he chose to do so, disaffirm any unauthorized act of Horn as his agent, in relation to the amount of credit or the like, without prejudicing his right to avail himself of any advantage which would result to him, either at law or in equity, by reason of Horn's acts which were authorized by the law, or done with the consent of the execution purchaser.

The redemption by Horn had the effect to relieve the mortgaged property from the execution sale, but it did not invest Horn with the title to it nor divest it of the mortgage lien. Horn evidently did not intend to acquire the title, nor to defeat the mortgage incumbrance, but to protect and secure the latter. The taking of the blank assignment of the certificate of sale was simply done to effectuate this purpose. No title has ever been made under that certificate; nor indeed could there properly be, since Horn redeemed from the sale but did not purchase the certificate.

If Horn acquired no title then, how could the judgment lien of Phelps, Bliss & Co. attach to the property so as to hold it as against the mortgage executed by the holder of the legal title. Phelps, Bliss & Co., as judgment creditors of Horn, must claim under him, and can therefore only succeed to the rights which he has. It would hardly be contended that, as against Manning, Horn could assert his title to the property and defeat the mortgage lien, which he had assigned, and which by his acts he sought and intended to protect.

II. The previous decree in the suit between these parties does not preclude Manning from now asserting his equity. That decree simply held, that Horn's acts, in the name and as agent of Manning, were unauthorized, and had been disaffirmed; and that the redemption did not work a satisfaction of the notes secured by mortgage, and that the redemption was for the benefit of Horn. This latter fact being decreed does not estop Manning, the assignee of Horn, from claiming the benefits which may result to his assignor, from acts which the assignor could only do by virtue of the claim held by Manning, and to effectually secure the payment of which was the intended and actual benefit to Horn.

Reversed.