HUGH SOUTHERLAND and Wife v. GEORGE W. F. HARPER.

*Injunction—Practice.*

One in possession of land and claiming as owner is not entitled to restrain by injunction a sale of such land under execution sued out by a creditor of his grantor under the assumption that the title of the party in possession is fraudulent as to creditors. The *bona fides* of the conveyance can be fully tested and the rights of all claimants settled in a suit to recover the land by the purchaser at such execution sale.

(*Black* v. *Sanders*, 1 Jones, 67; *Houston* v. *Bogle*, 10 Ired., 496; *Thigpen* v. *Pitt*, 1 Jones Eq., 49; *Dameron* v. *Gold*, 2 Dev. Eq., 17, cited and approved.)

Appeal from an order vacating an injunction made on the 18th of February, 1880, at Chambers (in an action brought to Spring Term, 1880 of CALDWELL Superior Court) by *Avery, J.*

James Mobley of Fairfield district in South Carolina died in 1852 intestate, leaving him surviving Elizabeth Mobley. his widow and nine children, of whom the feme-plaintiff, then an infant of tender age was one, and seized of a comfortable real and personal estate of which the widow and S. F. Mobley, one of the sons, became administratrix and administrator, and in a short time they paid off the debts of the estate and settled their final account, showing a share to the plaintiff in the net surplus for distribution of twelve hundred dollars.

On the 31st of December, 1855, the said widow of intestate and mother of plaintiff, became guardian to her and the other children under age, and from and after that time, she had and held in her hands as such guardian the said sum of twelve hundred dollars, together with four hundred dollars received as her share of the proceeds from the sale of the lands descended from her father.

Upon the marriage of plaintiff, her mother at her request purchased in 1875 the tract of land in the pleadings mentioned at two thousand dollars, situate in Caldwell county of this state, and afterwards, it is alleged, she conveyed the same to the feme-plaintiff, in payment of her indebtedness to her as her late guardian, then and ever since having other property of value sufficient and available to pay all her debts.

It is further alleged by the plaintiffs that the defendant, having a debt against the said Elizabeth Mobley, has recovered judgment and now threatens to sell and will sell the tract conveyed to her prior to the rendition of the said judgment, and that if he be allowed to sell it will greatly embarrass the feme-plaintiff, cast a cloud upon her title and

do her an irreparable injury, and the relief demanded is an injunction to prevent defendant from selling the said land *until he shall have established that the same is liable to the debts of Elizabeth Mobley.*

Upon the application of the plaintiffs, on the foregoing facts, a temporary injunction with an order to show cause was granted till a day named, with restraint in the meantime; and at the time appointed, defendant appeared and for cause alleged that his debt was contracted with Elizabeth Mobley before the conveyance of the land to her daughter and on the credit thereof, that said conveyance was founded on voluntary consideration and not in payment of any debt to plaintiff as her late ward and was void as being executed with intent to hinder, delay and defraud her creditors, and he denied that Elizabeth Mobley retained then, or has now, sufficient property liable in law to pay his debt.

On consideration of the cause shown by defendant, and the affidavits on both sides in support of their respective allegations, sent up with the case of appeal, His Honor without any finding of facts vacated the injunction and from that order the plaintiffs appeal.

No counsel in this court for plaintiffs.
*Messrs. Reade, Busbee & Busbee,* for defendant.

DILLARD, J., after stating the case. From the view taken of the case by this court, it was not necessary that His Honor nor that we should find from the affidavits any facts other than those hereinbefore recited as we are of opinion that the plaintiffs on their own showing were not entitled to a continuance of the injunction.

It is a fact shown by the plaintiffs and admitted by defendant, that the tract of land mentioned in the pleadings was conveyed by Elizabeth Mobley before the recovery of

judgment by defendant, and this being so, the deed was good between the parties and had the operation to pass the legal title to the feme plaintiff, as against the grantor and all volunteers by, through or under her, and also as against the then existing creditors of the grantor, unless they had ground to treat the same as void under the 13th of Elizabeth copied in our laws, or to put it out of their way by decree of a court as in equity. The plaintiffs say the deed was made to the female plaintiff *bona fide* and in consideration of a true debt from the grantor to the grantee equal to the value of the land, and defendant denies this and alleges it was executed *mala fide* in respect to creditors and upon voluntary consideration, and the validity or invalidity of the conveyance as against creditors depended on how the facts were.

If the grant were *bona fide* and on the consideration contended for by the plaintiffs, the title was entirely good against any sale by defendant under his execution against the grantor; but if executed with intent to hinder, delay and defraud creditors, or upon voluntary consideration, as contended for by defendant, then in either case it was void as against an existing creditor, provided in the case of the voluntary consideration since the act of 1840, the donor at the time of the gift retained property sufficient and available to pay existing creditors and had in that case no intent to defraud, to be submitted as an open question of fact to the jury. *Black* v. *Sanders*, 1 Jones, 67 ; *Houston* v. *Bogle*, 10 Ired., 496.

The creditor, as before remarked, when courts of law and courts of equity were separate, had his election to reduce his debt to judgment and by execution take hold of and sell property given away by the debtor and on purchase and sheriff's deed, to bring ejectments and to have the title of the donee held as void and the full legal title as vested in the purchaser, or he might instead go into the court of equity

and on the notion of bringing the property to sale under fair circumstances, have the fraud adjudged and a sale had by a decree of that court. *Thigpen* v. *Pitt*, 1 Jones Eq., 49.

This right of the creditor to proceed at law and to sell the property of the debtor conveyed on voluntary consideration was a legal right under the statute of Elizabeth and when once exercised no court of equity would interpose at the instance of the purchaser to pass upon the legal title of the donee on the idea of removing a cloud from his title, nor at the instance of the donee on the idea that the deed to the purchaser was any cloud on his title. It was but a controversy between legal titles to land, to the trial of which courts of law were adapted and hence equity did not interfere. The practice of non-interference for the purchaser to adjudge upon the alleged fraudulent title of the donee was expressly decided in the case of *Thigpen* v. *Pitt, supra,* and non-interference at the instance of the donee to declare the purchaser's title a cloud on his title and remove the same, was settled in the case of *Dameron* v. *Gold,* 2 Dev. Eq., 17. In the last case, Chief Justice RUFFIN says: " a person in possession under a legal title cannot sue another out of possession upon the ground of a pretended distinct title and to have it declared invalid, unless there be a fraud imputed to it or some other matter peculiarly within this jurisdiction. These are pure questions of law and the party in possession may well be content with the advantage that possession gives him."

Just so we think it is under our present system where the superior courts exercise both legal and equitable powers. The creditor has the right to sell the land of his debtor, Elizabeth Mobley, by execution, and if he does and buys it himself or another, then there will be the case of conflicting claims to the same property upon distinct legal titles, and the purchaser will soon have the title settled by an action to recover the land; or if he do not, the plaintiff, in the lan-

guage of Judge RUFFIN, may well be content with the advantage of her present possession, or in case of a danger of the loss of evidence to sustain her title, or of the use of the sheriff's deed by the purchaser to hinder the sale of the property, she may possibly make a case of equitable intervention by way of perpetuating evidence or a decree against the validity of the purchaser's title under the head of removal of cloud upon the title. But the plaintiffs' rights have not been interfered with, and may never be in any other way than is legitimate by the purchaser when there shall be one.

. Granting it to be admissible for the court to adjudge upon the title deed of a purchaser after the sale is had, if instead of speedily asserting his title by action, he shall use it to impair the value of the land to the plaintiffs in the sale of it or otherwise, still we must hold there is no such case made by the complaint in this case. The embarrassment and irreparable injury alleged cannot at present be more than a mere expression of evil, as no sale has been made, and it may be the evil will never come, but whether it shall come or not, it is not in our opinion competent to restrain defendant from selling the land, as he has a right to do, lest a rival title may grow up.

There is no error, and the judgment of the court below is affirmed.

No error. Affirmed.