F. H. BUSBEE v. E. O. MACY and others.

*Cloud upon Title— When equity will relieve.*

I₁ an action to remove a cloud upon title to land, the plaintiff asks for the cancellation of a deed, which in his complaint he alleges to be void on its face because of the uncertain description of the land therein contained, *it was held* that where the illegality of the instrument complained of appears as alleged by plaintiff, a court of equity will not take cognizance of the case, but dismiss the action; it will not declare that to be a void deed which upon its face is no deed.

CONTROVERSY without action under the Code § 315 heard

at Chambers on the 29th of September, 1881, in a case pending in WAKE Superior Court, before *Gilmer, J.*

The avowed purpose of this action is to remove an alleged cloud upon the title to a certain lot of land, in the city of Raleigh, owned by the plaintiff. In his complaint he states that in the year 1849, Mrs. Marion Hardie, being then the rightful owner of the lot in question, undertook to convey the same to one George Hardie in trust for the sole and separate use of her daughter, Ann Eliza Macy, and her children who are the defendants, but that the deed then made is void on its face because of the uncertain description of the land therein contained. That the said Mrs. Hardie afterwards, to wit, in the year 1862, made an effectual conveyance of the same land to Fendt and Hesselbach under whom the plaintiff claims by mesne conveyances and sale under execution. The prayer of the complaint is that the first deed from Mrs. Hardie to her daughter and children be declared void, and the defendants decreed to have no title to the lot by reason of its insufficient and uncertain description of the land. There was no answer filed for the defendants, but an appearance made for them by an attorney who, together with the attorney of the plaintiff, made a statement of the facts as to the situation of the lot, and the conduct and intention of Mrs. Hardie with reference thereto, and submitted the same, as a case agreed, to the judge presiding in the court below, who held the deed under which the defendants claim to be ineffectual to pass any title, and declared the same to be no cloud upon the title of the plaintiff, from which judgment the defendants appealed.

*Messrs. Reade, Busbee & Busbee,* for plaintiff.
*Messrs. Merrimon & Fuller* and *G. H. Snow,* for defendants.

RUFFIN, J., after stating the case. A question of jurisdiction meets us at the very outset of this case. The plain-

tiff alleges that the deed under which the defendants claim and against which he seeks relief, is absolutely void for uncertainty upon its face. Ought then a court of equity to take cognizance of the cause and undertake to quiet the plaintiff's fears, when upon his own showing they are utterly groundless and idle?

The courts of equity in the exercise of what is called "preventive or protective justice," have been long accustomed to relieve against deeds or other instruments, which it is feared may be used vexatiously and injuriously at some future day, when the evidence to impeach them may be lost, and against such as may presently operate as clouds upon the title of others, and cause their true interests to be suspected.

But to justify the interposition of the court for any such purpose, the difficulty complained of must *appear* to exist, and the cloud sought to be removed, present, at least, some semblance of validity. Otherwise the court will not interpose, since to do so, would be to engage in the vain effort of giving relief to one who cannot possibly be injured. Accordingly we find it said in 1 Story's Eq. Jur. § 700 a., that when the illegality of the instrument complained of appears upon its face, so that its nullity can admit of no doubt, it is the established rule of the court not to use its authority to order its cancellation, for in such a case there can be no danger that the lapse of time may deprive the party of his full means of defence, nor can it in any just sense be said that a paper can cast a cloud upon his title or diminish its security. To the same effect are the decisions of courts in the follow cases: *Scott* v. *Onderdonk,* 14 N. Y. 9; *Cox* v. *Clift,* 2 *Comstock* (N. Y.) 118; *Pierrott* v. *Elliott,* 6 Peters 95; *Gamble* v. *Loop,* 14 Wis. 466; *Head* v. *James,* 13 Wis. 641; and *Farnham* v. *Campbell,* 34 N. Y. 480.

These cases all go upon the idea that the court will not engage in a work of supererogation, by declaring that to be

a *void deed,* which upon its face, is *no deed,* and of no greater consequence than a blank piece of paper.

So it is in this case. The plaintiff's own allegations furnish a complete answer to his demand for relief, for if they be true, he has a perfect defence, manifested by the very deed under which his adversaries claim the land, and as lasting in its nature as that deed itself; and a decree of this court, declaring that deed to be void, can render it no more inoperative than it now is, according to the statement made in the complaint.

We are of the opinion, therefore, that the plaintiff's action must be dismissed, and accordingly do so adjudge.

But as the defendants seem to insist upon the validity of the deed, lest we may mislead them, or prejudice the plaintiff, we declare our judgment to be founded solely upon a consideration of the complaint, and not of the cause upon its merits.

Let the plaintiff's action be dismissed.

PER CURIAM.                              Action dismissed.