In PEARSON v. BOYDEN, from Rowan :

*Cloud upon Title—Jurisdiction.*

The principle announced in *Busbee* v. *Macy* and *Lewis*, 85 N. C., 329 and 332, is decisive of this case.

SMITH, C. J.  The land described in the complaint with other tracts, is devised in the will of Nathaniel Boyden to the defendant Archibald H. Boyden, in trust for the support and maintenance of the defendant, Nathaniel A. Boyden, during his life, with contingent limitations of the remainder at his death, and the testator annexes to the devise this further provision :

I further will and direct that, in case at my death my said son, Nathaniel, shall own property sufficient to discharge all the debts he may then owe, then it is my will and desire that in that event, all the above property, devised and bequeathed in trust to my said son, Archibald, shall at my decease vest absolutely in my son, Nathaniel, with the full right in his life time to dispose of all or any part thereof.

The testator died in 1873, and it is alleged that the devisee, Nathaniel A., then owned a large estate exceeding in value the sum of $15,000, and was indebted in a very small amount, so that under the terms of the devise, an estate in fee absolute and free from the declared trusts, at once vested in him at the death of the testator.

The plaintiffs have purchased the interest of the said Nathaniel A., in the land, and claim title thereto by virtue of a sale under mortgage made by him, and of sales by the sheriff under execution and for unpaid taxes,"by which said sales and deeds of conveyance, all of which have been duly registered " in the language of the complaint, "the plaintiffs acquired all the estate of Nathaniel A. Boyden in and to

said land, which plaintiffs are advised and believe was an estate in fee simple absolute."

Such are the facts contained in the complaint upon which the plaintiffs demand judgment that—

1. The will of Nathaniel Boyden, deceased, be construed "and it be adjudged how the lands above described herein are held and owned," and

2. The plaintiffs be declared "owners of the land," and "entitled to the possession and beneficial enjoyment and use. thereof."

. The defendants demur, assigning for cause thereof, "that the plaintiffs have no right because of having purchased a speculative title at mortgage sale, to institute an action to have a cloud removed from their title."

There is no fact averred and no reason suggested why the plaintiffs cannot assert their legal title to the land in a direct proceeding, as in the former action at law for the recovery of possession, and the want of jurisdiction in the court to entertain the case presented in the complaint and give the required relief, is so manifest upon the principle announced and acted on in the recent cases of . *Busbee* v. *Macy* and *Busbee* v. *Lewis*, reported in volume 85, pages 329 and 332 of our reports, that a re-examination of the subject is needless. The right claimed is a purely legal right, and when there is no obstruction in the way of enforcing it, and none such appears, it must be asserted in a legal and not before an equitable tribunal.

"There can be found no instance, we confidently believe," say the court in the last mentioned case, "in which a court has ever entertained a bill to remove a cloud from the title of a person, who was himself out of possession, or in a condition to test the question as to the superiority of title in a court of law."

The plaintiffs propose to avoid this difficulty by confining the appellants to the assigned ground of demurrer,

(the plaintiffs' acquired "speculative title at mortgage sale") and insist that the ruling of the court below in respect thereto is alone presented in the appeal.

We do not think the form of the pleading requires this rigorous interpretation of its terms. It is a demurrer to the jurisdiction of the court to entertain the application at all, and that the jurisdiction cannot be aided by the allegation of a title denominated speculative, derived through the concurring conveyances set up. This seems to be a reasonable and fair construction of the words of the demurrer, and a sufficient answer to the objection. But if it were not, the want of jurisdiction patent upon the face of the complaint, is a fundamental obstacle to the continued prosecution of the suit, and this objection will be entertained and acted on whenever brought to the attention of the court.

This was the disposition made of the cases cited, though the exception was not taken, for no tribunal will proceed to try a cause not committed to its cognizance, even with the assent of the parties to the exercise of the jurisdiction.

The proper judgment, where the court has no jurisdiction, is to dismiss the action, but as the appeal is from the overruling of the demurrer, and the plaintiffs then obtained leave to amend the complaint, and may perhaps be able to remedy the defects pointed out, we conclude to remand the cause, so that it may occupy the position in the court below, as if the error had not been committed and the demurrer had been sustained, and then be proceeded with according to law.

PER CURIAM.                                          Cause remanded.