E. A. BYERLY v. R. H. HUMPHREY.

*Cloud upon Title—Defence—Counter-claim—Res judicata.*

1. The jurisdiction of a Court of Equity to remove a cloud upon title, is founded on the inadequacy of the remedy at law, and it does not arise when the plaintiff has a remedy by an action at law.

2. Where it appeared that the defendant had a registered mortgage on the land of the plaintiff, purporting to be signed by the plaintiff, but it was admitted that said mortgage was a forgery, and that the plaintiff had never executed it, a Court of Equity will entertain a suit to remove the cloud upon the plaintiff's title, although he is still in possession of the land.

3. A defendant cannot set up as a defence or counter-claim any and every cause of action he may have against the plaintiff.

4. Where, in an action to have an alleged forged mortgage cancelled as a cloud upon title, the defendant sets up as a defence, that the money advanced upon such forged mortgage was used to pay off a prior genuine mortgage, and asks to be subrogated to the rights of the first mortgagee; *It was held,* that these facts could not be pleaded either as a defence or counter-claim in this action, but the defendant must set them up in a new action.

5. *It is intimated,* that where irrelevant facts, which should be the ground of a new action, are set up as a defence or counter-claim, and the Court proceeds to pass upon it, instead of striking it from the record, that the judgment will be *res judicata,* and an estoppel upon the defendant, if he should afterwards bring a new action upon the same facts.

(*Busbee* v. *Macy,* 85 N. C., 329; *Busbee* v. *Lewis,* Ibid., 322; *Pearson* v. *Boyden,* 86 N. C., 585, cited and approved).

CIVIL ACTION, tried before *Boykin, Judge,* and a jury, at September Term, 1886, of DAVIDSON Superior Court.

The plaintiff alleged, that she was the owner in fee of the lands described in the pleadings—that the defendant threatened and was about to sell the same, by virtue of a power contained in a deed of mortgage thereof, which it is pretended by the defendant she and her husband, now deceased, in his life-time, on the 22d day of October, 1883, executed to him to secure a pretended debt due from her and her husband to him for $750, evidenced by their single bond, dated the day last mentioned, and to be due twelve months next thereafter; that she never signed her name to the said mortgage deed, nor authorized any person to sign the same for her, or in her name, nor was she privily examined touching her consent to the execution of the same, nor did she know of the said pretended mortgage deed until about a year after its pretended registration, when she was greatly surprised to hear of it; that she did not sign, nor authorize any person to sign for her, the pretended single bond mentioned in the said mortgage deed; that she is not now, nor has she ever been, indebted to the defendant in any sum, on any account; that a sale of her land by the defendant, under such false and fraudulent color of power and authority, would greatly embarrass and imperil her right to her lands mentioned, if a person ignorant of the false and spurious nature of said pretended mortgage

should buy the same, and her title would thereby be clouded, and her land depreciated in value, and she could be prevented from selling the same, if she should find it necessary to sell it, &c., &c.

The mortgage deed mentioned, upon its face appears to have been regularly executed by the plaintiff, and to have been acknowledged by her before a Justice of the Peace, and it was registered.

The defendant, in his answer, denied the material allegations of the complaint, and alleged the due execution of the bond and mortgage deed by the plaintiff, and he further alleged as follows:

" For a further defence, defendant says, this mortgage and the bond secured thereby, were duly executed by plaintiff and her late husband, to secure the money borrowed by plaintiff and her said husband from defendant, to enable them to pay off and discharge a mortgage executed by them to John S. Henderson, to-wit: on the 14th day of Feb., 1882, upon the same land, for $500, and under which the said Henderson, Trustee, was threatening to sell said land of plaintiff embraced in defendant's mortgage, and this defendant, in order to relieve the plaintiff and her said husband and save the lands of plaintiff from sale, advanced the sum of about $600, principal and accrued interest due said Henderson on his mortgage, and paid the balance of about $150.00 to C. C. Byerly, late husband of plaintiff; and defendant having thus relieved the lands of plaintiff, insists that in any event, he would be entitled to be subrogated to the rights of said Henderson in the prior mortgage."

On the trial, it was distinctly "admitted that the plaintiff did not sign the mortgage purporting to be executed to the defendant R. H. Humphrey by C. C. Byerly and his wife, the plaintiff, and both parties, plaintiff and defendant, agreeing (agreed) that no issues should be tendered upon that point."

It appears further from the case stated on appeal, that: "After a jury was empaneled, upon reading the pleadings, the defendant contended that upon the second defence set out in his answer,

he was entitled to be subrogated, *pro tanto,* to the rights of Jno. S. Henderson, prior mortgagee upon plaintiff's land. His Honor held, that admitting the facts set out in said second defence of the answer to be true, defendant was not entitled to be subrogated to the rights of Jno. S. Henderson in the prior mortgage. Defendant excepted. Thereupon, verdict was entered for the plaintiff."

There was judgment declaring the mortgage void; that the defendant be perpetually enjoined, &c., from which he appealed to this Court.

No counsel for the plaintiff.
*Mr. Emery Raper,* for the defendant.

MERRIMON, J. (after stating the facts). The defendant having conceded that the plaintiff had not executed the mortgage deed under which he proposed and claimed the right to sell her land, obviously the Court properly granted the relief sought by her. She was in possession of the land, and could not bring an action at law, by which she could test the validity of the deed as to herself. It had such color and legal sanction, by reason of its apparent genuineness, the spurious probate of it, apparently regular and fair, and the registration thereof, as rendered it a standing menace and cloud upon her title. If the defendant had sold the land, as he claimed the right to do, and the purchaser had brought his action to recover the possession of it, the present plaintiff would in that case, have been obliged to produce evidence to defeat a recovery. The deed was clearly a cloud upon her title, against which she was entitled to relief. There was no legal remedy—certainly no adequate one—of which she might have availed herself and obtained prompt relief. It would be unjust, and expose her to hazard, expense, and great annoyance, to delay her remedy until the defendant should sell the land under the pretended power to sell, and test the validity of the deed by an action the purchaser might bring to recover the pos-

session of the land. The defendant might not sell for a long while; the purchaser might postpone his action for an indefinite period of time, and in the meantime the plaintiff might suffer great detriment, arising from the cloud upon her title.

The jurisdiction of a Court of Equity to prevent and remove a cloud upon the title to realty, is founded in sound principles of right and justice. It arises out of the inadequacy of the remedy at law, and is well settled, although it is sometimes difficult to determine what constitutes such cloud as warrants the interference of such Court. *Pettit* v. *Shepherd*, 5 Paige, 493; *Oakley* v. *Trustees*, 6 Paige, 262; *Rixby* v. *Higgins*, 15 Cal., 127; *Key* v. *Mensil*, 19 Iowa, 105; High on Injunctions, §269 *et seq.*

This case differs from the cases of *Busbee* v. *Macy*, 85 N. C., 329; *Busbee* v. *Lewis*, Ibid., 332, and *Pearson* v. *Boyden*, 86 N. C., 585. In these cases the party seeking equitable relief had a legal remedy, as the Court held; but the Court recognized the jurisdiction to grant such relief in a proper case.

We think, however, that the Court erred in considering and passing upon the merits of the matter set forth in the answer as a *second defence,* thus perhaps concluding the defendant in respect thereto. This was not matter of defence at all in this action: it was impertinent matter, that the Court might, *ex mero motu,* have directed to be stricken from the answer. It constituted no defence, as a *counter-claim,* or otherwise. If the defendant was entitled to be subrogated to the rights of the mortgagee of the first mortgage mentioned in the answer, then in that respect he had a distinct cause of action, that he could not set up in this action, but must enforce by a separate and distinct action, if he shall see fit to do so. The defendant could not set up in this action any and every cause of action he might have against the plaintiff, without regard to its nature. He could only plead such a cause of action as constituted a valid *counter-claim,* or defence, and as is allowed by the Statute (The Code, §244).

The matter set forth as a *second defence* is very imperfectly and informally alleged, but it seems that it was intended to be a

*counter-claim.* But clearly, in no aspect of it, can it be so treated. The alleged cause of action—treating it as such—did not arise "out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim," nor was it "connected with the subject of the action." Nor does the plaintiff's cause of action arise *ex contractu,* nor does the defendant's alleged cause of action; but if the latter did, it would not be good as a *counter-claim* in this action, because it is not such a cause of action as the statute cited, allows to be pleaded as a *counter-claim.*

It may be, that the defendant has such a cause of action as he suggests in his answer, against the plaintiff. If he has, he ought to have just opportunity to seek an appropriate remedy, and, therefore, the Court ought to have stricken the supposed defence from the answer, or to have dismissed it without passing upon its merits, and without prejudice to any action he might bring on that account. The judgment must be so modified as to conform to this opinion, and as thus modified, affirmed.

Modified.                                          Affirmed.