### W. J. MURRAY v. G. M. HAZELL.

*Homestead—Bankruptcy—Cloud upon Title—Jurisdiction.*

1. The jurisdiction of the Courts to afford relief against deeds or other instruments which cast a cloud upon the title to the property of the party complaining extends only to those cases where the instrument has apparent validity, or where it is capable of being used to the prejudice of the true owner and he is without other remedy ; nor will the Court interfere where the deed cannot operate to the injury of the owner of the property.

2. A homestead allotted by the Federal Courts in Bankruptcy proceedings is by the authority of the Acts of Congress, and the Constitution, statutes and judicial decisions of North Carolina have no application to it, save in respect to the measure of the allotment, which has been adopted by the statute of the United States.

CIVIL ACTION, tried upon demurrer at March Term, 1887, of ALAMANCE Superior Court, before *Philips, J.*

The plaintiff was duly adjudged a bankrupt in a Court of Bankruptcy, and thereafter, according to law, the assignee in bankruptcy assigned to him his homestead in an undivided two-thirds interest in the tract of land mentioned in the complaint

The complaint alleges:

" 3. That afterwards, to-wit: on the 31st day of May, 1884, the assignee advertised and sold said tract of land, subject to the homestead interest of the bankrupt, and at the sale G. M. Hazell became the purchaser.

" 4. That afterwards, to-wit: on the 6th day of January, 1885, the assignee executed and delivered to Hazell a deed in fee simple, conveying to him the two-thirds undivided interest in said tract of land, subject to the homestead of plaintiff, which deed is duly recorded.

" 5. That on the __ day of _____, 1885, the plaintiff received his discharge in bankruptcy.

" 6. That said deed being spread upon the Register's book of Alamance county and purporting to convey, as it does, the reversion after the homestead estate, this plaintiff is informed and believes it is invalid in law, is a cloud upon plaintiff's title.

Wherefore the plaintiff demands judgment:

1. That said deed be delivered up to be cancelled.

2. For such other and further relief as to the Court shall seem fit.

3. For the cost of this action."

The material parts of the defendant's answer are as follows:

" 2. That article second is admitted, except the allegation that plaintiff is the owner of a two-thirds undivided interest in the land described, and that is denied. The plaintiff is in possession of the land, and has an estate therein for the term of his natural life, and should he die leaving infant children, then to survive till the youngest arrives at the age of twenty-one years; while the defendant is the owner of the fee simple estate in the land, and his right to possession will accrue upon the death of plaintiff, or upon the arrival at the age of twenty-one years of his youngest living child, whichever of these two events shall last happen.

" 3. In answer to article three, defendant says that the sale alleged was made by order of the District Court of the United States for the Western District of North Carolina, held at Greensboro; that defendant did buy the land at the sale subject to the life estate of defendant, and should he die leaving infant children, then said children to have an estate therein till the youngest living one arrives at the age twenty-one years; that at the sale the plaintiff was present with his wife, who was the competitor of defendant in the bidding for the land, the plaintiff standing by her and prompting and directing her bidding.

"4. In answer to allegation in article fourth the defendant says: That after the sale J. A. McCauley, the assignee in bankruptcy of plaintiff, made full report thereof to the District Court of the United States, and thereupon a copy of the report of sale was served upon plaintiff, and also upon his wife, together with a notice from the Court to the plaintiff and his wife to show cause, if any they could, why the sale should not be confirmed, and the plaintiff and his wife both failed to file any exceptions to the report, or show any cause why the report and sale should not be confirmed, and after the time limited to file exceptions or show cause, an order of the Court was made confirming the sale and directing title to be made to the defendant for the land, and the title was accordingly made to defendant, by virtue of which he is the owner in fee thereof.

" 6. In answer to article six, defendant says that plaintiff has no estate save for his natural life in the land described, and his deed is not a cloud on any right, estate, or title plaintiff has in said land."

The plaintiff demurred to the answer as follows:

" 1. That the sale by the assignee, report, orders and decrees attempting to sell and convey title to the purchaser of the land in question or any interest or right thereto to the defendant as set out and insisted on by the defendant in said answer, is in violation of the plaintiff's right to his homestead as secured to him by the Constitution and laws of this State and by the terms of the Bankrupt Act providing a Uniform System of Bankruptcy for the United States, and is therefore void."

The Court gave judgment as follows:

" This action coming on to be heard upon the demurrer of plaintiff to the answer of defendant, after argument by counsel, it is adjudged that the demurrer be overruled; and it is further adjudged that defendant go without day, and that said defendant recover the cost of this action, to be taxed

by the Clerk against plaintiff and his surety on bond for cost."

From this judgment the defendant appealed.

Mr. John Devereux, Jr., for the plaintiff.
Mr. John W. Graham, for the defendant.

MERRIMON, J., (after stating the case). The complaint fails to allege a cause of action.

The deed of the assignee in bankruptcy executed to the defendant, and under which the latter claims to derive title to the land mentioned subject to the plaintiff's homestead therein, is in no respect, way or manner inconsistent with, nor does it in terms or legal effect interfere with the plaintiff's right to his homestead. On the contrary, it purports to recognize it and to convey an estate subject to it, and does so in legal effect. It does not in any degree becloud, complicate, obscure, or imperil the plaintiff's title to his homestead, nor can it do so in the future, and this is plainly to be seen and understood by himself and all persons who may in the future desire to purchase or have anything to do with it. The deed, whenever it shall be read, will declare upon its face the character of the estate it conveys, and that it is subject to the plaintiff's homestead in the land.

The jurisdiction of a Court of Equity to afford relief against deeds and other instruments in writing which in their nature and apparent validity operate in such improper and unjust way as to cast doubt upon the title or right of the party complaining arises only when the deed or other instrument in question has such present apparent validity and effectiveness, or where it is capable by reason of such causes, of misuse in the future to his prejudice, and he has no other remedy. If the deed or other instrument is, upon its face, void, or if the complaining party may have a present legal remedy, a Court of Equity will not interfere; nor will its authority

be interposed where the purpose of the deed is clear and it cannot operate presently or in the future to the injury of such party, as in the present case. *Busbee* v. *Macy*, 85 N. C., 329; *Busbee* v. *Lewis*, Idem, 332; *Pearson* v. *Boyden*, 86 N. C., 585; *Byerly* v. *Humphrey*, 95 N. C., 151; Story's Eq. Jur., §§ 699, 701.

The bankrupt law (Rev. Stat. U. S., § 5045) allows to a bankrupt homestead in the same measure as it is allowed to him by the laws of the State in which he has his domicil to be exempt from levy and sale upon execution or other process or order of any Court. In view of this provision, it was contended, in the argument before us, that inasmuch as any estate or interest of the debtor in the land embraced by the homestead is not subject to levy and sale upon any execution or other process or order of any Court in this State until the homestead shall be over, as has been decided in *Markham* v. *Hicks*, 90 N. C., 204, and other similar cases, therefore the sale of such estate by the assignee in bankruptcy and the deed made in pursuance thereof by the assignee to the defendant were void.

If this contention were well founded, the plaintiff could not maintain this action, because in that case the deed upon its face would be inoperative and void, and for the reason already stated a Court of Equity would not interfere. The Court would not do the vain thing to declare a deed void which upon its face appears to be so.

But the plaintiff misapprehends the law applicable. The homestead is allowed by the bankrupt law—not by the laws of the State—the sale of the bankrupt's real property conveyed by him to the assignee in bankruptcy, subject to the homstead in the measure allowed by the State, is made by virtue and in pursuance of the bankrupt law and not the laws of the State. The bankrupt law requires the assignee to sell all the bankrupt's estate and interest in his lands, subject to the homestead (Rev. Stats. U. S., §§ 5045, 5062);

and in this case, he sold the land subject to the homestead. So that .the provisions of the Constitution and statutes, and judicial decisions of this State in respect to homestead have no application except in respect to the measure of it, and as to this they have application only because the bankrupt law so provides.

There is no error and the judgment must be affirmed.

Affirmed.