B. R. BROWNING & SON v. BENJAMIN A. LAVENDER and MC-
    MURRAY FERGUSON, Trustees.

*Equity—Injunction—Cloud upon Title—Jurisdiction.*

1. A court of equity will not interfere by injunction to restrain the sale
   of land, or by the exercise of its jurisdiction to remove a cloud
   upon the title, where it appears that the party seeking such relief
   is in possession, and that the proofs upon which he relies will be
   available in any action which may be instituted against him to
   recover the property. In such case, he has an adequate remedy
   at law.

2. Where, however, the proofs upon which such party must rely for a
   defence of his interest, are of such character that they may
   become lost by the lapse of time, and without them one claiming
   under the adversary title, could recover in an action at law, the
   Courts will interpose their equitable powers and grant the neces-
   sary relief.

This was a CIVIL ACTION, pending in HALIFAX Superior
Court, heard before *MacRae, J.,* at Chambers on 6th February,
1889, upon a notice to show cause why an order restraining
the defendants from selling certain land should not be con-
tinued till the final hearing of the cause. The cause was
heard upon complaint, answer and exhibits, from which the
following facts appear:

On the 4th of February, 1834, B. A. Lavender and Mar-
garet T. Alston, in consideration of a marriage, soon there-
after solemnized between them, executed a marriage con-
tract, by the terms of which certain slaves and interests in
slaves and land, that had been devised and bequeathed to
her by the will of her deceased father, John Alston, were
conveyed to Willis Alston and William Tannahill, trustees,
to be held by them in trust for her sole and separate use
during her life, and after her death to the use of her said
husband, with powers in said Margaret to give, grant and con-

vey said property by any writing under her hand and seal, and to dispose of the same by will.

The said Margaret died in the year 1859, having executed a last will, in which she mentions certain property as that which was conveyed by the marriage contract, accretions and other property into which it had been converted, including six of the eleven shares, into which the Pleasant Hill tract of land, devised by her father, had been divided. By the provisions of the said will of the said Margaret Lavender, her mother was to be permitted to live on said Pleasant Hill tract without payment of rent during the life of the latter, if she chose, and at her death the interest of testatrix in said tract of land was to be sold by the trustee, one James W. White, appointed by her will, instead of said Tannahill and Alston, then dead, and her other property, as said trustee deemed advisable, and the proceeds of said sales so made by said trustee were to be invested by him and held to form a fund, out of the interest of which her husband, said B. A. Lavender, was to be supported during his life, if sufficient, but a portion of the principal was to be used for his support if necessary.

The testatrix authorized her said husband, B. A. Lavender, during his life, to execute a written instrument, directing how the fund and property remaining at his death should be divided among her children and their issue, viz., that it should be equally divided between Benj. Alston Lavender, her son, and her daughter Florence L. Lavender, now the wife of William R. Curtin, or their issue *per stirpes*. If one of her said children should die without children, the survivor, it was provided, should take the whole, and if both should die, it was limited over.

It is alleged in the complaint that said Margaret Lavender owned, at the time of her death, eleven shares of said Pleasant Hill tract, only one of which shares was embraced in the marriage contract, and that she had no power to make a

will as to the other shares. It is stated in the answer that she owned, at her death, but six shares in said tract, one of which was devised to her by her father, and the other five purchased with funds realized by sale of property bequeathed by her father and included in said contract.

The two children, the only heirs at law of the testatrix—B. A. Lavender and Florence, wife of William R. Curtin—are still living. James W. White, the trustee appointed by the testatrix in her said will, in place of Tannahill and Alston, has been dead for some years, and her husband, B. A. Lavender, has recently appointed the defendant McMurray Ferguson trustee in his stead. The mother of the testatrix is dead.

It is alleged in the complaint that B. A. Lavender executed, on the ___ day of _____, a deed, conveying to his daughter Florence, wife of W. R. Curtin, 400 or 500 acres of said Pleasant Hill tract. The only answer is that filed by said Ferguson, as trustee, and he denies any knowledge or information of the execution of such a deed, and declares it void, if executed.

In the years 1880, 1881 and 1885, said Curtin and wife executed successive mortgage deeds, conveying said Pleasant Hill tract to the plaintiffs to secure the payment of certain indebtedness of said Curtin and wife to said plaintiffs. B. A. Lavender, the husband of the testatrix, on the 9th of November, 1880, executed a release to plaintiffs of said Pleasant Hill tract, after reciting the fact that his daughter and her husband had executed a mortgage deed conveying said tract; and, also, another similar release was executed by him on the 3d of November, 1881, reciting a later mortgage deed executed by his daughter and her husband.

The defendant McM. Ferguson contends that the said mortgage deeds and releases are null and void. The plaintiffs contend that the testatrix had no power to appoint White trustee in place of Tannahill and Alston, and her hus-

band had no right to appoint the defendant Ferguson, and that the legal title to the property embraced by the marriage contract is in the heirs at law of Tannahill and Alston, the original trustees.

The plaintiffs allege that said B. A. Lavender, Sr., for the purpose of depriving the said Florence of her property, and the plaintiffs of the benefit of her conveyances, has influenced the defendant Ferguson to advertise said Pleasant Hill farm for sale, which he has already done, with the avowed purpose of carrying out the will of the testatrix, but that said B. A. Lavender was still in possession of half of said tract, which was sufficient for his support

Both of the last mentioned allegations of the complaint were denied in the answer.

The Judge below dissolved the restraining order pre-viously granted, on the ground that no such equity was shown as to entitle plaintiffs to extraordinary relief, and plaintiffs appealed.

*Mr. R. O. Burton*, for the plaintiffs.
*Mr. Thos. N. Hill*, for the defendants.

AVERY, J. (after stating the facts). It is familiar learning that, where a party has an adequate remedy at law, a court of equity will not grant extraordinary relief by way of injunction. When, therefore, the aid of the Court is invoked to enjoin a sale of land, on the ground that it will cast a cloud on the title of plaintiff in possession of the land, and it is apparent from the admitted facts that a purchaser at such sale could not assert title derived from it, without bringing an action for possession against the complainant and raising thereby every question involved in the controversy as to equitable relief, this elementary principle applies and governs the case. *Southerland* v. *Harper*, 83 N. C., 200.

If the defendant Ferguson, claiming to act as trustee, should sell the land, as he threatened to do, and the purchaser at such sale should bring his action against the plaintiffs, the latter would have ample opportunity to avail themselves of the defence that Ferguson was not lawfully appointed as trustee, did not hold the legal title in the land in controversy, and had no right to sell under the provisions of the will of Margaret Lavender, or had power to convey only one of eleven shares. Indeed, the burden would be on the purchaser in that event to show affirmatively title in his grantor Ferguson. Meantime—until title should be clearly shown in the trustee—the plaintiffs would be in possession and in the pernancy of the profits.

If it appears in considering causes of this kind, that the deeds, records, or other evidences of title, relied upon by a plaintiff, will prove as available for the vindication of his rights at any future time as they now will, then both his present and prospective remedy at law is sufficient, and a court of equity will not interpose by injunction, nor will an action lie to remove the alleged cloud. Where the illegality or nullity of a deed or record, constituting part of the adverse chain of title, which is alleged to be a cloud on the complainant's title, is apparent upon its face, or the alleged defect appears of record from one or many instruments, and is in no way dependent upon testimony of witnesses that may be lost by lapse of time, there is no danger that irreparable injury will be sustained, and no sufficient reason for resorting to a court of equity for relief. *Busbee* v. *Macy*, 85 N. C., 329; *Busbee* v. *Lewis, Ibid*, 332; *Murray* v. *Hazell*, 99 N. C., 168.

The controversy between plaintiffs and Furguson, trustee, or his grantee, must, in any conceivable event—even in the remote future—depend upon the construction given by the Courts to the contract made between B. A. Lavender and

Margaret Lavender in contemplation of marriage, and the will and other instruments purporting to have been executed in pursuance of its provisions, and relied on to establish the power of Ferguson as trustee to convey the title, originally admitted to have been in John Alston, to the lands in controversy, or any interest therein.

On the other hand, where a forged mortgage deed is wrongfully admitted to registration, and constitutes an apparent lien upon a tract of land, with power to sell for a spurious debt, it is settled that the person whose name has been forged to the mortgage deed, though in possession of the land purporting to have been mortgaged, may bring an action to have the deed cancelled, as a cloud upon his title. *Byerly* v *Humphrey*, 95 N. C , 151. The relief in that case is granted, because the proof available to show the forgery may be lost by the lapse of time, and a purchaser at a sale under the power contained in the forged deed, must, in the absence of any evidence of its spurious character, recover in an action against one deriving title from the apparent mortgagor by reason of the estoppel. *Murray* v. *Hazell, supra.*

The case of *Byerly* v. *Humphrey*, cited for plaintiffs, is, therefore, distinguishable from our case.

The judgment of the Court below must be affirmed.

Affirmed.