## J. W. PEACOCK v. HENRY STOTT.

*Cloud upon Title—Cause of Action—Jurisdiction.*

1. An action to remove a cloud upon title cannot be maintained by one who is not shown to be in the rightful possession of the land, nor by one who has another adequate remedy.

2. Where it appears from the record that no cause of action exists, the Supreme Court will *ex mero motu* dismiss the appeal for want of jurisdiction.

This is a Petition to Rehear, filed at February Term, 1889.

*Messrs. C. M. Cooke* and *F. A. Woodard,* for the plaintiff.
*Mr. Jacob Battle,* for the defendant.

AVERY, J. This is an application to rehear a case decided at September Term, 1888. It is not contended for the plaintiff that the principle announced by the Court (101 N. C., 149) is incorrect in theory. But he insists that the complaint, if admitted to be true, would establish his right to

demand judgment that the deed executed by Levi Bailey to Henry Stott be declared void, in order to remove a cloud upon his title.

An action will not lie solely for the purpose of removing a cloud from the title of a party who is not shown to be in proper possession of the land in controversy, nor on behalf of a complainant who has another adequate remedy., *South-erland* v. *Harper*, 83 N. C., 200; *Busbee* v. *Macy*, 85 N. C., 329; *Murray* v. *Hazell*, 99 N. C., 168; *Byerly* v. *Humphrey*, 95 N. C., 151; *Browning* v. *Lavender* (decided at this term). The defendant does aver that he (defendant) is in the rightful possession. That averment is not in conflict with any allegation of the complaint, nor is any replication filed so as to raise an issue as to the property.

He could have alleged in plain terms, according to his own showing, that the deed from Levi Bailey to the defendant Stott was executed with intent to hinder, delay or defraud the creditors of said Bailey, and, on proof of that allegation, could have caused that deed to be declared void by the Court, and thus, by avoiding the apparently older title of Stott to the legal estate in the land which he derived from Bailey—the common source of title—the plaintiff would have removed the only obstacle to his recovery in any action for possession. Indeed, he might, after alleging an unlawful holding on the part of defendant, have demanded a writ of possession in said action. As he had declared that he held the equity by virtue of the parol trust, and subsequently bought, at execution sale, the interest of Bailey, who held the legal estate, and that Bailey had, prior to his purchase at said sale, conveyed to the defendant Stott to "*prevent his creditors from reaching his land,*" it followed that the legal and equitable estates had united in the plaintiff, if all of these allegations were true, but he had failed to either allege the fraud distinctly, or to ask that the deed to Stott be declared fraudulent

and void, or had also failed to charge a trespass or wrongful possession on the part of the defendant Stott.

The deed to Stott could not be cancelled unless the fraud was both alleged and proven, and the plaintiff could not obtain judgment for a writ of possession unless he had declared and established, by a verdict or admissions, that the defendant was in the wrongful possession. The complaint, therefore, did not state facts sufficient to constitute a cause of action, and the Court did not have jurisdiction. In such cases, this Court must *ex mero motu* hold that there is a want of jurisdiction, and that the action must be dismissed, unless, by amendment made on leave, the plaintiff can acquire a standing in the Court. *Tucker* v. *Baker*, 86 N. C., 1; *Knowles* v. *Railroad*, 102 N. C., 59.

We therefore adhere to the former ruling. The petition is dismissed.

Petition dismissed.