CHARLES McNAMEE v. B. J. ALEXANDER and OCTAVIUS
COKE, Secretary of State.

*Grant—Entry—Injunction—Cloud upon Title—Statute—Con-
stitution—Costs.*

The plaintiff alleged that he was the owner, by virtue of *mesne* convey-
ances connecting him with grants from the State, to the bed of a
non-navigable river; that defendant had entered the same land
and was proceeding to have a grant issued therefor; that the entry
was void for irregularities, but that the evidence thereof might be
lost by lapse of time; that a grant based upon such entry would
constitute a cloud upon his title, and prayed that the Secretary of
State should be enjoined from issuing, and the defendant Alex-
ander from receiving and recording, such grant: *Held*—

1. That, according to his own showing, the plaintiff had an adequate
   remedy at law and was not entitled to an injunction.

2. An action to remove a cloud upon title cannot be maintained unless
   it affirmatively appears that the plaintiff is rightfully in possession.

3. A remedial statute, enacted to cure the defects in the title to lands of
   one person, cannot operate to divest the estate of another in the
   same property.

4. That while it was error in the Judge below to dismiss the action upon
   a motion for an injunction, yet as the material question presented
   by the appeal was the validity of the judgment refusing an
   injunction, in respect to which the judgment below is affirmed,
   the defendant is entitled to costs in this Court.

This was an APPEAL from a judgment dissolving a restrain-
ing order, granted at Chambers at Oxford on 27th of June,
1891, by *Winston, J.*

The plaintiff set forth in his complaint that the defendant
B. J. Alexander had entered and caused to be surveyed a
portion of the bed of the French Broad river, in Buncombe
County, for all of which land the plaintiff had title through
*mesne* conveyances connecting him with grants from the
State, some of which crossed the river so as to include the
whole bed, and others of which extended to the middle of

the stream from each side. The plaintiff alleged that the said entries, on account of the form and the manner of recording them upon the books of the entry-taker, and the mistakes made by the surveyor in locating them, were void— but that the evidence showing them to be void for irregularity might be lost by lapse of time.

The plaintiff prayed judgment that the entries be declared void, that the Secretary of State be enjoined from issuing, and the defendant Alexander from receiving, or putting on record, grants issued upon said entries. It was contended that the grants, if issued, would prove a cloud upon the title of the plaintiff, among others, for the reason that the Legislature might cure the defects in the entries by statute.

. The Judge below, after granting a temporary restraining order, dissolved it, and gave judgment that the defendant go without day, and for costs. The plaintiff appealed from the judgment.

*Mr. F. H. Busbee*, for plaintiff.
*Messrs. G. V. Strong* and *A. Stronach*, for defendant.

Avery, J.—after stating the facts, proceeded: If the plaintiff, by means of some grants from the State covering the whole bed of the French Broad river by crossing the stream, and others extending *ad filum aquae* from each side, together with *mesne* conveyances connecting him with all of such grants, could, as he alleges, show title to the whole of the bed of said river from Smith's bridge to the mouth of Avery's creek, being the portion of the river-bed covered by the entries and surveys of the defendant Alexander, and for which the latter is asking that grants be issued, it would follow, according to his own statement of the facts, that for any conceivable injury that the plaintiff may hereafter sustain on account of the issuing of the grants applied for, he would have a full and complete remedy by an action of law. If this proposition

can be sustained, it is familiar learning that he is not enti-titled to extraordinary relief by injunction.

Should the defendant obtain his grant, enter upon the bed of the river and erect a fish-trap, as suggested by counsel, then the plaintiff, having the older and better title, as he alleges, could bring the proper action and recover possession, and such damages as he may have sustained on account of the trespass.

Meantime, if the plaintiff is in the actual possession of any part of the land covered by one of the grants through which he claims title, his constructive possession extends over the whole boundary of such grant, either across the bed of the stream or *ad filum aquae,* according to the nature of the particular patent, and until the defendant Alexander shall enter, the plaintiff cannot maintain an action at law, even on account of location of the entry on, or the issuance of the grant for, his land. *Pearson* v. *Boyden,* 86 N. C., 585; *Kitchen* v. *Wilson,* 80 N. C., 191; *Staton* v. *Mullis,* 92 N. C., 623; *Davis* v. *Higgins,* 91 N. C., 382; *Ruffin* v. *Overby,* 105 N. C., 78.

By recording and registering a survey of the outer lines of several contiguous tracts, so as to exhibit their outer boundaries, as if the whole territory had been covered by one tract, a possession at any point on either of the separate tracts will become equivalent in law to a possession of "the whole and every part." *The Code,* § 1277. It is, therefore, in the power of the plaintiff to make an actual possession on one of his tracts a constructive possession of all of his contiguous tracts. If the plaintiff, therefore, has shown himself to be in the rightful possession of the land in controversy, he cannot maintain the action in this case to remove a cloud upon his title, because he has an adequate remedy by action at law in case of any wrongful invasion of the premises. On the other hand, an action brought for the purpose of removing a cloud upon the title cannot be maintained at all, unless

it appears affirmatively that the plaintiff is in the rightful possession. *Peacock* v. *Stott,* 104 N. C., 154. If it be admitted that the plaintiff is holding rightfully under each and every grant through which he claims, his remedy at law is adequate, unless it can be made to appear that proofs upon which the plaintiff would now recover in a controversy at law, despite grants issued to defendant on his entries, may be lost by the lapse of time, and that by such loss the defendant may be enabled to prevail in such action hereafter, whereas the plaintiff can show the better title now. *Browning* v. *Lavender,* 104 N. C., 69; *Busbee* v. *Macy.* 85 N. C., 329; *Busbee* v. *Lewis, Ibid,* 332; *Murray* v. *Hazell,* 99 N. C., 168. If the plaintiff had, when this action was brought, a perfect title, as he alleges and contends, to the whole of that portion of the bed of the river in dispute, then he would have the right to recover in an action for possession as against the defendant Alexander, claiming under a junior grant, whether valid or void.

If the plaintiff cannot connect himself with older grants or good title covering the land in dispute, then he is not aggrieved and has no status in the Court, for even an entry located by him so as to cover the *locus in quo* would be but an *inchoate* equity, which would not be enforced by an action. *Featherston* v. *Mills,* 4 Dev., 596; *Plemmons* v. *Fore,* 2 Ired. Eq., 312.

If the plaintiff can show title through older grants, though it be admitted that, as between the defendant Alexander and the State, a grant which when issued was void for failure to comply with the entry laws, could be made valid by a curative act of the legislature, still no remedial statute could be construed to divest an interest in land acquired by the plaintiff, before its passage, out of him and vest it in Alexander.

No law which transfers the property of one person to another for his own private purposes, without the consent of the owner, has ever been held a constitutional exercise of

legislative power in any State in the Union. Cooley's Cons. Lim., star p. 165; *Wilkerson* v. *Leland*, 2 Peters, 380; *Hoke* v. *Henderson*, 4 Dev., 4; *King* v. *Commissioners*, 65 N. C., 603; *Stanmire* v. *Powell*, 13 Ired., 312; Sedgwick on Stat. & Const. Lim., pp. 368, 195, and Southerland on Stat. Const., § 480; *Westervill* v. *Gregg*, 12 N. Y., 202; *Eakin* v. *Roub*, 12 Serg. & R. 340; Alter's Appeal, 57 Penn. St., 341; *Harbranch* v. *Milwaukee*, 13 Wis., 37; *Railroad* v. *Railroad*, 50 N. H., 50.

We have discussed *seriatim* the questions raised by the plaintiff's assignment of errors, because they may hereafter arise again. But the plaintiff cannot maintain this action brought in the Superior Court of Wake County to enjoin the Secretary of State, the defendant Octavius Coke, from issuing grants to the defendant Alexander, for the reason that our statute (*The Code*, § 2786) provides a remedy at law to be prosecuted in the Superior Court of Buncombe County, where the land lies, against the defendant Alexander, if he shall hereafter obtain, or has, since this action was brought, obtained a grant from the State "by false suggestion, surprise or fraud," or "against law," to the injury of the plaintiff. *Carter* v. *White*, 101 N. C., 31; *Crow* v. *Holland*, 4 Dev., 417; *Miller* v. *Twitty*, 3 Dev. & Bat., 14. If the plaintiff can hereafter make it appear, before the proper tribunal, that a junior grant has been issued contrary to law for the land which he holds, as he alleges, under older patents, then he can find redress for any grievance shown under the plain provisions of the statute. It is unnecessary, therefore, to discuss the other question, so elaborately presented by the able counsel for the plaintiff. The Secretary of State has not refused to issue the grants to Alexander, as in case of *Wool* v. *Saunders*, 108 N. C., 729, and he has not raised the question whether the entry is void upon its face, and if not, whether he shall be compelled to issue the grants applied for.

If the plaintiff can connect himself with older grants covering all of the lands embraced by defendant's entries as surveyed, or could have shown a perfect title to the land in controversy in any way when the entries were made by the defendant Alexander, then, in case the latter should enter upon it, claiming under a junior grant, the plaintiff could bring his action for possession in the Superior Court of Buncombe County and put him out, or if the junior grant has been or should hereafter be issued contrary to law, a party aggrieved thereby could proceed under the statute (*The Code,* § 2786), though no trespass may have been committed. Meantime, if the entries appeared from a bare inspection to be manifestly void, the Courts would neither interpose to restrain the Secretary of State from issuing grants upon them nor compel him by *mandamus* to issue them.     *Wool* v. *Saunders, supra.*

We concur with the Judge who tried the case below, in the opinion that the law has provided a full and adequate remedy for the plaintiff, and that he has failed to show that the grant, if issued to the defendant, would prove a cloud upon his title.

There is error.   Judgment must be affirmed, except as to the order of dismissal.   It was error to order that the case be dismissed, but as that does not affect the merits, and the only material question was whether the Secretary of State should be restrained from issuing a grant, the plaintiff must pay the costs incurred in this Court.

Modified and affirmed.