J. B. BOSTIC vs. SAMUEL YOUNG et al.

*Injunction—Relief against Execution—"Connor's Act"—
Practice.*

1. A Court of Equity will not interpose by injunction to prevent a sale of complainant's real estate under execution against another, since the question of title to real estate is one to be determined at law and the owner can there make his defences.

2. Under Ch. 147, Acts of 1885 ("Connor's Act") which provides that no conveyance of land shall be valid, as against creditors and purchasers for value, but from its registration thereof, a deed of trust is of no validity whatever as against a judgment creditor unless registered.

This was a MOTION to dissolve a temporary restraining order issued in a cause pending in CLEVELAND Superior Court and heard before *Graham, J., at Chambers*, in Charlotte, N. C., on the 8th day of March, 1895. The motion

was allowed and plaintiff appealed.    The facts appear in the opinion of Associate Justice MONTGOMERY.

*Messrs. Webb & Webb*, for plaintiffs (appellants).
*Meesrs. A. Anthony* and *R. L. Ryburn*, for defendant.

MONTGOMERY, J.:    It appears from the complaint that B. D. Suttle conveyed to W. C. Bostic the tract of land by deed dated December 10, 1890, but that the deed was not registered until the 12th of February, 1895 ; that the vendee paid $8,000 for the land, $3,000 in cash of his own means, borrowed of the plaintiff Crawford $5,000, with which the balance of the purchase money was paid, and executed together with his wife a deed of trust on the land to J. B. Bostic to secure the payment of the $5,000 borrowed from Crawford ; and that the deed of trust was registered in Cleveland county, where the land is situated, on the 25th of May, 1892.    It further appears from the complaint that because of condition broken a sale of the land was made under the trust deed by J. B. Bostic, on the 21st of January, 1893, and that Crawford, *cestui que trust*, bought the land at the price of $5,350, went into possession, and is still in possession enjoying the uses and profits thereof.    No deed however has been executed by the trustee to the purchaser Crawford.    It appears further from the complaint that on the 23d of October, 1893, the defendant Young procured a judgment against B. D. Suttle, the original vendor, for $421.25, had the same docketed in Cleveland county, where the land is situated, and that he had execution issued to the Sheriff of Cleveland on the 29th of January, 1895, and that the sheriff was about to sell the land when the plaintiffs commenced this action.

The question before the Court for decision is whether the plaintiffs can invoke the equitable relief of the courts to pre-

vent the defendant (the plaintiff in the execution) from pro-
ceeding to sell the land under his execution; and this
involves of course the question as to whether this action can
be maintained under the Act of 1893, Ch. 6.   For if such
an action as this can be maintained under that act, then the
plaintiff would be entitled to the relief by injunction, which
he seeks if the facts warranted it.   The point in the case,
when the facts are summarized, is briefly stated ;   the deed
from Suttle (the defendant in the execution) to W. C. Bos-
tic, though dated December 10, 1890, was not registered
(although the purchase money was paid at the time of the
execution of the deed) until the 25th of February, 1895.
The judgment of Young, the defendant in this action,
against Suttle was obtained, and execution levied upon
the land before the registration of the deed, and the plaint-
iff Crawford is in possession of the land under the sale made
by the trustee.

Where a party has a full remedy at law, the court of
equity will not grant extraordinary relief by way of injunc-
tion.   In this action, in case of a sale of the land under the
execution, the purchaser, before he could assert title
derived from the sale, would have to bring his action at
law for the possession against the plaintiff who is in posses-
sion, and prove his title to the property; and in such an
action the plaintiff in this, the defendant in that action,
could raise every question involved in the controversy,
which he seeks to raise in this action.   In that action, he
could set up in his defence the very matters he now alleges
in his prayer for equitable relief.   *Browning* v. *Lavender*,
104 N. C., 69 ; *Murray* v. *Hazell*, 99 N. C., 168 ; *Souther-
land* v. *Harper*, 83 N. C., 200.   In High on Injunctions, at
Section 120, the writer says:   " A Court of Equity will not
interpose by injunction to prevent a sale of complainants
real estate under execution against another, since the ques-

tion of title to real estate is ordinarily to be determined at law." The rulings of our Court on this subject have sustained that principle. In *Gatewood* v. *Burns,* 99 N. C., 357, one of the plaintiffs in that case, Thomas May, alleged that he had purchased a tract of land from his co-plaintiff, Gatewood, in 1882, and paid for the same before certain liens of judgment creditors of Gatewood had attached to the land, but that the deed was not made to him by Gatewood until the liens had been created by the judgments. May was in possession of the land, but apprehending that Gatewood's execution creditors might sell it, he invoked the court to adjudge his title good and to enjoin the creditors from selling the land. The Court refused the relief sought, holding that " it is not the province of the Court to interpose its authority to prevent the sale of the land. If the plaintiff has title to it, a sale or attempted sale of it under the execution would pass no title. If on the other hand he has no title and the land belongs to the defendant in the execution, then the creditor would have the right to sell it, if need be, to pay his debt." In *Bristol* v. *Hallyburton,* 93 N. C., 384, where the defendant sought to have an execution against his interest in a tract of land enjoined on the ground that the interest of the defendant in the land was a contingent interest and not subject to execution, the Court refused the injunction, and Judge ASHE, in delivering the opinion of the Court said : " The application to stay the execution regularly issued upon a judgment at law because the Sheriff has levied upon property not subject to the execution, or because the property belonged to another and the defendant in the judgment, is a procedure unknown to our practice. We cannot see how the sale of the land, although it may not be the subject of sale under execution, can work an irreparable injury to the defendant in the execution ; for the sale and Sheriff's deed have no other effect than to pass

116—49

such interest as the defendant had at the time of the sale, subject to execution."

The facts in the present case are easily to be distinguished from those of the case of the *Mortgage Co.* v. *Lony*, 113 N. C., p. 123.   There, the conflicting claims to the land arose between judgment creditors and mortgage creditors of the defendant Long.   No relief was sought by Long against either set of creditors.   We think it proper to add that the Court in arriving at its conclusion have also considered the final effect of this litigation; that is, whether the plaintiff would be entitled, finally, to the relief he seeks.   "The Court will not upon application for an interlocutory injunction shut its eyes to the question of the probability of the plaintiff's ultimately establishing his demands, nor will it by injunction disturb defendant in the exercise of a legal right without a probability that plaintiff may finally maintain his rights as against that of the defendant.   High on Injunction, Sec. 5.   In this view of the case, we have arrived at the further conclusion that that part of the act of 1885, Ch. 147, Sec. 1, which reads as follows, "No conveyance of land, nor contract to convey, or lease of land for more than three years shall be valid to pass any property as against creditors or purchasers for a valuable consideration from the donor, bargainor or lessor, but from the registration thereof, within the County where the land lieth," settles the matters set out in the complaint, against the plaintiff.   The quotation from the Acts of 1885 is in precisely the same language used of deeds of trust and mortgages in the Act of 1829 (*Code*, Sec. 1254) and the uniform construction of the Act of 1829 by this Court has been to the effect that deeds of trust and mortgages are of no validity whatever as against purchasers for value and against creditors, unless they are registered, and they take effect only from and after registration.   *Robinson* v. *Wil-*

*loughby*, 70 N. C., 358 ; *Fleming* v. *Burgin*, 2 Ired. Eq., 584; *Leggett* v. *Bullock*, Busbee, 283. It is to be noted that the creditor in this action is a judgment creditor, and also that there is no allegation in the complaint that the plaintiff was prevented from registering his deed by the fraud of the defendant.

There is no error in the ruling of His Honor dissolving the restraining order and refusing the injunction, and the same is affirmed.

Affirmed.