EMMA McLEAN v. T. J. SHAW et al.

(Decided December 19, 1899.)

*Cloud Upon Title—Judgment Lien—Act 1893, Chap. 6.*

1. A judgment lien is not included in the terms "estate" and "interest" used in the Act 1893, chap. 6, relating to actions to remove cloud upon title.

2. A prayer for relief would be considered by the Court, after a sale under execution, should the purchaser delay to commence suit for possession; then the claimant to the title, whether in or out of possession, could proceed under the Act of 1893, against such purchaser.

ACTION to remove cloud upon title of plaintiff to land claimed by her, pending in the Superior Court of SWAIN County, heard before *Moore, J.,* at Chambers, 26th August, 1899, upon a motion to continue an injunction order to the final hearing. Motion allowed. Defendant appealed.

The case is fully stated in the opinion.

*Mr. F. C. Fisher,* for appellant.
*Mr. A. M. Fry,* for appellee.

MONTGOMERY, J.   A tract of land claimed by the plaintiff was about to be sold under an execution which was issued upon a judgment rendered in favor of the defendant against P. P. McLean, the husband of the plaintiff, when the plaintiff commenced this action under chap. 6 of the Laws of 1893, to remove an alleged cloud from her title caused by the judgment and execution. A restraining order was made against the defendant enjoining him from making the sale under the execution, and the same was afterwards continued until the final hearing. The affidavits filed in the cause show that

there is an issue as to the bona fides in the execution of the deed under which the plaintiff claims.    This is an appeal by the defendant from the rule continuing the restraining order.

It was conceded by the plaintiff's counsel, on the argument here, that, under such cases as *Southerland v. Harper,* 83 N. C., 200, and *Bristol v. Hallyburton,* 93 N. C., 384, the plaintiff would not be entitled to the relief she seeks; but he contended that the action could be maintained under chap. 6 of the Laws of 1893, and that until the hearing of the case injunctive relief against the execution sale ought to be afforded the plaintiff.

Under a line of decisions of this Court, culminating with *McNamee v. Alexander,* 109 N. C., 242, it was held that a plaintiff could not maintain an action to remove a cloud upon his title unless it appeared affirmatively that he was rightfully in possession of the land.    The Act of 1893, chap. 6, extended such relief to those who were not in possession. *Daniel v. Fowler,* 120 N. C., 14.    We think, however, that it is not in contemplation of the act that a judgment lien should be included in the terms "estate" and "interest" as they are used in the act.    If a judgment ought for any good reason to be cancelled and discharged, and the creditor should refuse to cancel it, the debtor has his proper remedy by independent action or motion, as may suit the circumstances of his case. If, as in the case before us, the real estate levied upon should be claimed by one other than the execution debtor, then nothing can more quickly bring up for trial the plaintiff's prayer for relief (to have the cloud removed from his title) than to allow the execution sale to take place.    If the purchaser should delay to commence suit for recovery of possession, then the claimant can commence proceedings under the Act of 1893.

For the reasons above stated, we think there was error on

the part of the Court below in continuing the restraining order.

Error.