F. H. BUSBEE v. JULIUS LEWIS and others.

*Cloud upon Title—Tax Title.*

1. An action to remove a cloud upon title to land will not be entertained merely to afford protective relief, where the plaintiff is under no disability to bring suit to test the question of title. (Suggestion as to the manner of plaintiff's redress, and a review of authorities by RUFFIN, J., to the effect that where a valid legal objection is apparent upon the face of proceedings, &c., there is no such cloud upon the title as equity will remove. See preceding case.)

2. The tax title in this case is a nullity unless all the requirements of the naked power conferred by law upon the officer selling the land, were complied with.

CONTROVERSY without action under the Code, section 315, heard at Fall Term, 1881, of WAKE Superior Court, before Gilmer, J.

The plaintiff appealed from the judgment of the court below.

*Messrs. Reade, Busbee & Busbee*, for plaintiff.
No counsel for defendants.

RUFFIN, J. The object of this action is to have declared void a tax title to certain real property situated in the city of Raleigh, acquired by the city, and which the plaintiff contends is operating as a cloud upon his better title.

The case was put into the shape of a controversy without action, and the following are the facts upon which it is said to depend:

In 1863 one H. Fendt, then owning the land which is the subject of controversy, conveyed the same to one Ellen in trust for the sole and separate use of Mrs. C. A. Fendt and her children, and in the event of her death, in the lifetime of her husband (the said H. Fendt) then in trust for him.

The land consisted of two parcels (parts of lot No. 115, and of lot No. 116) and was listed for taxes due the city, for the years 1877, 1878 and 1879, in the name of Mrs. C. A. Fendt, and in August, 1880, the taxes being unpaid, the collector sold one of the parcels for the taxes due on both, when the city became the purchaser. In 1881, the other parcel was sold for the unpaid taxes of 1880, and the city was again the purchaser—notice of both sales being served in writing upon Mrs. Fendt and her husband.

Mrs. Fendt died in April, 1881, leaving her husband surviving, and in May following, the trustee conveyed the land to him in fee, and since then it has been sold under execution against him, and the plaintiff became the purchaser.

He has sold the land to the defendants, Lewis and West, who decline to pay the purchase money on account of the outstanding deed held by the city. The plaintiff insists that the collector's sale of the first lot was void, because it included the taxes assessed against both the lots, whereas each should have borne its own burden; and further, that inasmuch as Mrs. Fendt had but a life estate in the land, a sale for taxes, assessed in her name, could not affect the interests of those in remainder.

For these reasons principally, though other irregularities in the sale are suggested, the plaintiff asks that the sale to the city may be declared void, and the deed decreed to be cancelled, so that it may no longer throw a cloud upon his title, and prevent his being paid the purchase money agreed to be given him for the land.

There seems to us to be two sufficient reasons why the plaintiff cannot have the relief he demands in the present controversy.

In the first place, a court of equity will never interpose its jurisdiction in the way of a mere protective relief, when the party has an adequate and effectual remedy at law, and is so circumstanced as to be able to assert it, but will rather leave him to seek his redress in that forum, except in some states where they have statutes expressly permitting it to be done. There can be found no instance, we confidently believe, in which a court has ever entertained a bill to remove a cloud from the title of a person, who was himself out of possession, or in a condition to contest the question as to the superiority of title in a court of law. The disability to sue, and the danger and inconvenience resulting therefrom lie at the very foundation of the jurisdiction of the court in such cases, and the court will no more interpose in the behalf of one who can sue, and will not, than it will stay the statute of limitations for one who knows the danger resulting from the lapse of time, and yet delays.

In the present case the plaintiff has free access to a court of law. If his vendees refuse to pay the purchase money for the land, let him implead them, and test the question as to the sufficiency of the title conveyed to them, and if such be the desire of the parties, let the city come in by way of interpleader, so that it, too, may be bound by the judgment. But let us not introduce confusion and inconsistency into the administration of the law, by giving to one under no sort of incapacity to sue, the benefit of a remedy which was intended for those laboring under such disability, and only given because otherwise they would be wholly without any relief.

The other obstacle in the way of granting the relief sought is the principle declared at this term in the case between this same plaintiff and Macy and others, that a court of equity will not take jurisdiction of an action to remove a claim upon the ground of its being a cloud upon the title of another, when the claim is based upon a deed alleged in the complaint to be void upon its face, since if it really be so, the party has always at hand a certain defence against the deed whenever it may be urged against him.

The same principle applies to a case like the present, for though it be true that the collector's deed to the city, may as a mere formal instrument be free of any apparent defect, it is still but one link in a chain of title, which chain must be developed in all its parts before any advantage can be derived under it; and whenever that is undertaken to be done, the very defects in the proceedings upon which the plaintiff now asserts its invalidity, must be disclosed, and render harmless the claim of the city, if in fact they exist and are of such legal consequence as the plaintiff alleges.

The tax title acquired by the city is a nullity, unless all the requirements of the naked power conferred upon the officer were strictly complied with. There is no presumption in its favor, but the burden of proving such compliance

will rest upon the city whenever it shall seek to establish its claim, and this it can never do, provided the facts and the law of the case be truly averred by the plaintiff himself. Authorities in support of this position are not wanting. In the case of *Farnham* v. *Campbell*, 34 N. Y., 480, the court of appeals of that state refused to entertain an action to remove a cloud from title where a sheriff having an execution against one man sold and conveyed the property of another, upon the ground that an investigation of the record would disclose the whole matter and take away all pretense of title through the sheriff's deed. In *Ward* v. *Dewey*, 16 N. Y., 519, the same court declared that a mortgage executed by one tenant in common of a whole farm did not constitute a cloud upon the title of his co-tenant, because the very moment it was investigated the true state of the title would be discovered. And in *Van Doren* v. *The Mayor of New York*, 9 Paige 388, it is said that where a valid legal objection is to be seen upon the face of the proceedings, through which the adverse party can alone claim title to the complainant's land, there is not such a cloud upon his title as will authorize him to apply to a court of chancery to set aside the proceedings, "for," said CHANCELLOR WALWORTH, "that can never be considered a legal cloud which cannot for a moment obstruct the unaided rays of legal science when they are brought to bear upon the supposed obscurity."

Relying upon these authorities, and upon what seems to us to be the only proper, logical conclusion in such a case, we dismiss the action; and this notwithstanding it comes before us as a controversy without action, for the parties cannot by their consent, confer jurisdiction upon the court.

PER CURIAM.　　　　　　　　　　　　Action dismissed.