C. S. McARTHUR v. E. A. GRIFFITH, admr., et al.

(Filed 6 May, 1908).

1. **Parties—Executors and Administrators—Heirs—Real Estate—No Privity.**

   There is no privity of interest between the administrator of deceased and his widow and heirs at law in the deceased's real estate, and it was not error of the Judge in the lower court to permit the widow and heirs at law to become parties to and fully defend a suit affecting their interest in deceased's lands.

2. **Cloud on Title—Action—Heirs—Pleadings—Judgment—Estoppel.**

   A judgment in an action brought by the widow and heirs at law to remove a cloud upon their title to land descended to them, wherein it was adjudicated that a note secured by a mortgage had been fully paid and discharged, may be successfully pleaded in bar to an action subsequently brought to foreclose by the administrator of the mortgage creditor.

3. **Cloud on Title, What is—Equity Jurisdiction.**

   When a lien by mortgage appears by record to be valid upon lands descending to the widow and heirs at law, but which was paid by their intestate, it is a cloud upon their title within the jurisdiction and province of a court of equity to remove, and their cause of action will therein lie for that purpose; otherwise when such adverse claim of title appears to be void upon its face.

4. **Removal of Causes—Venue, Objection to—Waiver.**

   An objection that a suit was instituted in the wrong county relates to the venue and not to the jurisdiction. In the absence of a written demand that the suit be removed to the proper county before the time to answer has expired (Revisal, sec. 425), the objection will be deemed as waived.

5. **Same—Pleadings.**

   A prayer in the answer that proceedings be stayed by injunction until an issue in a similar suit between the same parties in another county be determined is not a written demand for the removal of the cause, but if otherwise it would be deemed as waived when the cause was proceeded with to judgment without exception.

ACTION tried before *Ferguson, J.,* and a jury, at November Term, 1906, of DAVIDSON.

This action was brought to foreclose a mortgage given by J. P. Hannah, on 5 March, 1895, to secure a note for

147—35

$2,230.73 executed by him to R. M. McArthur. The parties waived a jury trial, and the presiding Judge, with their consent, found the following facts:

1. That R. M. McArthur is dead and C. S. McArthur is his administratrix. J. P. Hannah is also dead and E. A. Griffith is his administrator.

2. In August, 1903, E. A. Griffith, as administrator of J. P. Hannah, filed his petition in Davidson County before the Clerk of the Superior Court against the widow and heirs at law of J. P. Hannah, seeking to sell the land of his intestate in that county to pay the debts of his intestate, among others the debt to C. S. McArthur, administratrix of R. M. McArthur. The defendants answered that the debt had been fully paid and satisfied by J. P. Hannah in his lifetime. Upon joining issue the case was transferred to the civil issue docket for trial before a jury. Pending the cause, C. S. McArthur, administratrix of R. M. McArthur, was made party plaintiff by order of the court, and she filed a complaint and the defendants filed an answer thereto. At November Term, 1905, of Davidson Superior Court the plaintiffs submitted to a voluntary nonsuit.

3. On 14 November, 1905, after judgment of nonsuit was entered, the widow and heirs of J. P. Hannah, defendants in this action, commenced an action in Davidson County Superior Court against C. S. McArthur, administratrix of R. M. McArthur, and in their complaint alleged the execution of the note and mortgage, and also that the same had been fully paid by J. P. Hannah in his lifetime, and prayed that they be cancelled and the cloud upon their title be thus removed. The defendant in that case filed an answer denying payment.

4. At November Term, 1906, the case came on for trial before *Judge Ferguson* and a jury, and, a verdict having been returned for the plaintiffs to the effect that the debt had been paid and the mortgage thereby satisfied, it was adjudged by the court that the note and mortgage be surrendered by the defendant and cancelled.

5. The present action was brought in Forsyth County, on 27 November, 1905, to collect the note and for foreclosure of the said mortgage, and a complaint and answer filed. The defendants herein, except the administrator, pleaded the judgment in Davidson Superior Court in bar of this action. The administrator, E. A. Griffith, failed to answer, but by leave of the court the other defendants, the widow and heirs of J. P. Hannah, were made parties defendant and filed an answer.

Upon the foregoing facts, the court being of the opinion that the plaintiff is estopped, it was adjudged that the plaintiff take nothing by this action, and that defendants go without day and recover of the plaintiff their costs, to be taxed by the Clerk. Plaintiff excepted and appealed.

*J. S. Grogan* for plaintiff.
*Watson, Buxton & Watson* for defendants.

WALKER, J., after stating the case: The order of the court by which the widow and heirs of J. P. Hannah were permitted to become defendants and to answer the complaint was a proper one. The administrator, E. A. Griffith, had failed to answer and resist the plaintiff's recovery of a satisfied claim which the latter sought to have paid again by subjecting the land which belonged to the widow and heirs, and which the ancestor of the latter had mortgaged to secure the original debt, to the payment of the alleged debt. Why the administrator refused to plead or to perform his plain duty as a fiduciary we were not told. It is manifestly just that under such circumstances the heirs and widow should be given the opportunity to resist the foreclosure of the mortgage and to prevent the land from being applied to the payment of a debt which does not exist. It has been expressly so held. *Bevers v. Park,* 88 N. C., 446; *Speer v. James,* 94 N. C., 417; *Tilley v. Bivens,* 112 N. C., 348. In the cases cited the heir was allowed to plead the statute of limitations. Why not be permitted to show in defense of their right to the land, freed

from the encumbrance, that the debt had actually been paid?
In *Shewne v. Vanderbout,* 1 Russell and Milne, 347, the
Court permitted a residuary legatee to defend in a creditor's
suit, and in *Steele v. Steele,* 64 Ala., 438, it was held that the
heir is at liberty to dispute any and every debt that may be
presented against the estate of his ancestor, and may set up
every defense thereto which is legally sufficient. The de-
cision rests upon the ground that there is no privity between
the administrator and the heir, and hence the former cannot
bind the latter by either his admissions or omissions; that
while by omitting to plead the statute or by an express promise
to pay he could revive a claim so as to charge the personal
assets, he has no such power over the real assets, which descend
directly to the heir, as to whom all his acts are *res inter alios
acta.* The case last mentioned was cited with approval in
*Bevers v. Park, supra.* In the latter case the Court says
that the object of the proceeding by the creditor is to deprive
the heirs of their land, and it is but reasonable that they
should be permitted to resist the suit and save their land, if
legally possible. And if they had the right to resist it, why
should they not be allowed to avail themselves of all the rules
of pleading, practice and evidence necessary for the purpose?

The judgment recovered in the Superior Court of David-
son County in the suit between the widow and heirs at law of
J. P. Hannah, as plaintiffs, and the present plaintiff, as de-
fendant, constitutes a complete bar to the plaintiff's recovery
in this suit. The rule is that a question once determined
between the parties cannot again be brought in question, and
the former decision may be relied upon as an estoppel, or,
more properly speaking, a bar, to any action that may there-
after be tried involving the same point. "A judicial deter-
mination of the issues in one action is a bar to a subsequent
one between the same parties having substantially the same
object in view, although the form of the latter and the pre-
cise relief sought is different from the former." *Lumber*

*Co. v. Lumber Co.,* 140 N. C., 437; *Edwards v. Baker,* 99
N. C., 258; *Tuttle v. Harrill,* 85 N. C., 456. The issue in
the Davidson County suit was whether the debt had been paid,
and the issue here is precisely the same, although the position
of the parties on the record is reversed.

The widow and heirs of J. P. Hannah had the right to
bring the action to remove the cloud from their title. 7 Cyc.,
pp. 255, 256, and 6 Cyc., pp. 319, 320, and notes. Equity
interferes to remove clouds upon title, because they embarrass
the owner of the property clouded and tend to impede his
free sale and disposition of it. *Byne v. Vivian,* 5 Vesey,
604; *Ward v. Dewey,* 16 N. Y., 531; *Bissell v. Kellogg,* 60
Barbour, 629. A cloud upon title is in itself a title or en-
cumbrance, apparently valid, but in fact invalid. It is
something which, nothing else being shown, constitutes an
encumbrance upon it or a defect in it—something that shows
*prima facie* the right of a third party either to the whole or
to some interest in it, or to a lien upon it. 2 Cooley on Taxa-
tion (3d Ed.), p. 1448; *Detroit v. Martin,* 34 Mich., 170.
When the claim, which is a lien if in force, appears to be
valid on the face of the record, and the defect or invalidity
can only be made to appear by extrinsic evidence, particu-
larly if the proof of it depends upon oral testimony, it gener-
ally presents a case invoking the aid of a court of equity to
remove it as a cloud upon the title. *Crocke v. Andrews,* 40
N. Y., 547; *Sanxay v. Hunger,* 42 Ind., 44; 2 Story Eq. Jur.
(13th Ed.), secs. 698, 699, 700. If, on the other hand, the
title be void on its face—if it be a nullity, a mere *felo de se,*
when produced—so that an action based upon it will fall of its
own weight, as has been said, then the title of the party is not
considered as necessarily clouded thereby. *Busbee v. Macy,*
85 N. C., 329; *Busbee v. Lewis,* 85 N. C., 332; *Browning v.
Lavendar,* 104 N. C., 69; *Thompson v. Etowah Iron Co.,* 91
Ga., 538; *Lick v. Ray,* 43 Cal., 83. This equity is also
enforced for the reason that the proof of the party upon

which he relies to show the invalidity of the encumbrance may be lost by lapse of time. *Browning v. Lavendar, supra.* The widow and heirs of J. P. Hannah properly brought their action to have the note and mortgage cancelled, so as to remove the cloud from their title. *Byerly v. Humphrey,* 95 N. C., 151; *Murray v. Hazell,* 99 N. C., 168. The doctrine relating to cloud upon title is founded upon true principles of equity jurisprudence, which is not merely remedial, but is also preventive of injustice. If an instrument ought not to be used or enforced, it is against conscience for the party holding the same to retain it, since he can only do so with some sinister or wrongful design. If it is a negotiable instrument it may be used for a fraudulent or improper purpose. If it is a deed purporting to convey lands, which creates an apparent encumbrance, its existence in an uncancelled state necessarily is calculated to throw a cloud over the title. 2 Story Eq. Jur. (13th Ed.), sec. 700, and notes.

Whether the action was properly brought in the Superior Court of Davidson County or should have been brought in the Superior Court of Forsyth County is a question we need not decide. It relates to the venue or place of trial, and not to the jurisdiction. If the action was not brought in the proper county it could be tried therein, unless the defendant, who is the plaintiff in this action, demanded in writing, before the time for answering expired, that the trial be had in the proper county. Revisal, sec. 425. This he did not do, as we think, and the objection to the *venue* was thereby waived. *Leach v. Railroad,* 65 N. C., 486; *Lafoon v. Shearin,* 91 N. C., 370; *Cloman v. Staton,* 78 N. C., 235; *McMinn v. Hamilton,* 77 N. C., 300. His counsel contends that the demand was made in the answer. If it was so made it might perhaps have been sufficient in respect to time. *Rankin v. Allison,* 64 N. C., 673; *Shaver v. Huntley,* 107 N. C., 623. But we do not consider what is stated in the answer and relied on by the plaintiff, for the purpose was in law a sufficient demand for

the removal of the cause.   We quote from the answer: "Wherefore the defendants pray that the plaintiff's action be dismissed and that the plaintiff be restrained by injunction from any proceeding whatsoever against the defendants until after the determination of the issues joined in Forsyth County against E. A. Griffith, administrator of J. P. Hannah, deceased, is determined." This is clearly not a prayer for the removal of the cause, but for a stay in the prosecution of any action until the Forsyth suit should be determined. Besides, if the application was made, and in proper form, it was not pressed, the court was not requested to pass upon it, no exception was taken to any ruling of the court in regard to it, and there was no appeal from the judgment rendered in the case.   If made, therefore, at all, it was clearly abandoned.

We conclude that his Honor, *Judge Justice,* took the right view of the case upon the facts found by him, and correctly held that the judgment in the Davidson suit barred the plaintiff's recovery in this action.

Affirmed.