WILLIAM M. YORK, JR., and FRANK W. YORK v. GEORGE F. NEWMAN, JR., Trustee

No. 6818SC339

(Filed 9 October 1968)

1. Quieting Title § 1— what constitutes cloud on title

A cloud on title may be created by anything that may be a muniment of title or constitute an encumbrance.

2. Quieting Title § 1— nature of former remedy in equity

In the old equity action of removing a cloud upon title to real property, the proceeding was an equitable one and was intended to remove a particular instrument or documentary evidence of title or encumbrance against the title which was hanging over or threatening a plaintiff's rights therein.

3. Quieting Title § 2— nature of statutory remedy under G.S. 41-10

In suit to quiet title to real property under G.S. 41-10, the proceeding is designed to provide a means for determining all adverse claims, equitable or otherwise; it is not limited to a particular instrument, bit of evidence or encumbrance but is aimed at silencing all adverse claims, documentary or otherwise.

**4. Quieting Title § 1—  nature of remedy**

Any action that could have been brought under the old equitable proceeding to remove a cloud upon title may now be brought under G.S. 41-10.

**5. Quieting Title § 2—  action to remove cloud on title — sufficiency of the complaint**

Complaint properly states a cause of action for removing cloud on title where there are allegations that (1) the plaintiffs purchased an undivided interest in real property from the defendant who was acting individually and as trustee for his minor children. (2) the defendant by letter and through his attorney asserts that he now has the legal right and duty, individually and as a trustee, to rescind the deed or sue for damages on the ground that the consideration paid to him was grossly inadequate, and that (3) defendant's threats of legal action constitute a cloud upon their title. G.S. 41-10.

**6. Quieting Title § 2;  Declaratory Judgment Act § 1—  action for declaratory judgment**

A declaratory action is an appropriate remedy to perform the function of the customary action to quiet title.

**7. Declaratory Judgment Act § 1—  justiciable controversy under the Act — action to quiet title**

A liberal construction of a complaint, wherein plaintiffs seek declaratory judgment that they obtained good title to lands deeded to them by the defendant, requires the conclusion that respective legal rights and liabilities mentioned in the complaint accrued under the deed and that this, if raised by answer, *is held* to constitute an actual controversy and is a proper subject for action under the Uniform Declaratory Judgment Act.

**8. Parties § 1;  Quieting Title § 2—  necessary parties in quieting title action**

Where it appears on face of the complaint in action for removing cloud on title conveyed to plaintiffs by defendant that defendant, acting as trustee for his minor children, is the only person asserting a claim adverse to the interests of plaintiff, and it does not appear that other parties are necessary to determine defendant's claim to have the deed rescinded, defendant's demurrer to the complaint for fatal defect of parties is properly overruled.

**9. Declaratory Judgment Act § 2—  provision for jury trial**

G.S. 1-261 provides for a jury trial to determine issues of fact in cases brought under the Uniform Declaratory Judgment Act.

ON *certiorari,* allowed 17 May 1968 on petition of the defendant to review a judgment entered by *Crissman, J.,* 11 March 1968 Civil Session of GUILFORD Superior Court, Greensboro Division, overruling a demurrer to the complaint.

Plaintiffs in their complaint allege, in substance, except where quoted:

That on 6 February 1959 they purchased from the defendant, for value, a sixty-five per cent undivided interest in certain real property in Greensboro, North Carolina, which was leased to Newman Machine Company, Inc., and Guilford Foundry Company. On the same day the defendant sold all of his stock in Newman Machine Company, Inc., to that corporation. It is further alleged that on 24 March 1966 the defendant's attorney, Mr. Welch Jordan, of Greensboro, wrote a letter to William M. York, Sr., as President of Newman Machine Company, as follows:

"We have completed an analysis of our notes on the financial information which you permitted us to examine on November 17, 1965, and we have also examined certain public records in the Guilford County Courthouse. In addition, Mr. Newman has delivered to us, and we have studied, all documents in his possession relating to the transactions in early 1959 under which Newman Machine Company, its affiliates, and members of your family acquired all interests of Mr. Newman in these companies and all interests of Mr. Newman, as Trustee for his minor children, in these companies and in the land and buildings in which these companies conducted their operations. Based upon the foregoing information, we have concluded that, in our opinion, the consideration paid to Mr. Newman, individually and as Trustee, for the properties acquired by Newman Machine Company, et al, was grossly inadequate and represented only a minor fraction of the fair market value of the properties. We have so advised Mr. Newman.

In view of the facts and circumstances attendant upon and inherent in the transactions, including the financial and other information in documentary form and the facts as related to us by Mr. Newman, we have further concluded that, in our opinion, Mr. Newman, individually and as Trustee for his minor children, has the legal right to either disaffirm and rescind the transactions or to sue for damages, and we have advised Mr. Newman accordingly. Moreover, we are of the opinion that Mr. Newman, in his capacity as Trustee for his minor children, is legally obligated by reason of his duty as a fiduciary to assert his claim as Trustee and that his failure to do so would amount to a breach of his obligations as a fiduciary, for which he could later be held personally liable. We have stated this opinion to Mr. Newman.

Mr. Newman, individually and as Trustee, has requested that we take appropriate and prompt action to enforce his rights

arising out of the transactions mentioned above. Before commencing legal action or actions for the enforcement of these rights we will be glad to discuss, without prejudice, the entire matter with you or your attorneys, preferably the latter, if you wish to explore the possibilities of a mutually satisfactory compromise settlement of the claims of our client. Please let us hear from you within ten days."

Thereafter, the defendant, through his attorneys, continued to make demands upon the plaintiffs and to threaten legal action against them. That these threats of litigation have hampered the plaintiffs in the management and use of the interest in the real property described in the complaint as having been conveyed to them by defendant and constitute a cloud upon their title. That "(t)he plaintiffs bring this action under applicable laws of North Carolina for a judgment declaring that the sale by the defendant to the plaintiffs was an arms-length transaction, that the defendant had full knowledge concerning the value of the real estate which he conveyed to the plaintiffs; that the plaintiffs obtained good title to the lands conveyed to them by deed from the defendant and that the defendant has no further rights therein and the plaintiffs have no further obligations to the defendant."

Plaintiffs' prayer for relief is:

"WHEREFORE, THE PLAINTIFFS PRAY THE COURT that it enter Judgment declaring that the plaintiffs have good title to the real estate deeded by the defendant to the plaintiffs on February 6, 1959, and more fully described in the deed, a copy of which is attached hereto as Exhibit F, that the costs of this action be taxed against the defendant and that the plaintiffs have such other relief as the Court may deem just and proper."

Defendant filed a demurrer, in writing, to the complaint asserting, among other things, that it does not state facts sufficient to constitute a cause of action, that it is not a proper action for declaratory judgment or to quiet title, or to determine the validity of title, that the entire controversy cannot be resolved and finally determined by this action, and that there is a fatal defect of parties.

From the order of Judge Crissman overruling the demurrer, the defendant in apt time petitioned the Court of Appeals for a writ of *certiorari,* which was allowed.

*Adams, Kleemeier, Hagan & Hannah by Charles T. Hagan, Jr., and Smith, Moore, Smith, Schell & Hunter by McNeill Smith for plaintiffs.*

*McLendon, Brim, Brooks, Pierce & Daniels by Hubert Humphrey for defendant.*

Mallard, C.J.

[1] Defendant asserts in his brief that the question presented by this record is: "Did the Court below err in overruling the Demurrer based upon the grounds that the Complaint does not state a proper action for removing a cloud on title or for declaratory relief and that there is a defect of parties?"

> "A cloud upon title is in itself a title or encumbrance, apparently valid, but in fact invalid. It is something which, nothing else being shown, constitutes an encumbrance upon it or a defect in it — something that shows *prima facie* the right of a third party either to the whole or some interest in it, or to a lien upon it." *McArthur v. Griffith*, 147 N.C. 545, 61 S.E. 519.

"A cloud may be created by anything that may be a muniment of title or constitute an encumbrance." Annot. 78 A.L.R. 24, 29 (1932).

[2-4] The distinction between a suit to remove a cloud upon title and an action to quiet title under G.S. 41-10 is clear. In the old equity action, to remove a cloud upon title to real property, the proceeding was an equitable one and was intended to remove a particular instrument or documentary evidence of title or encumbrance against the title, which was hanging over or threatening a plaintiff's rights therein. *Castro v. Barry*, 79 Cal. 443, 21 P. 946; *McGuinness v. Hargiss*, 56 Wash. 162, 105 P. 233. In a suit to quiet title to real property under G.S. 41-10, the proceeding is designed and intended to provide a means for determining all adverse claims, equitable or otherwise. It is not limited to a particular instrument, bit of evidence, or encumbrance but is aimed at silencing all adverse claims, documentary or otherwise. Any action that could have been brought under the old equitable proceeding to remove a cloud upon title may now be brought under the provision of G.S. 41-10. This statute has been liberally construed. *Lumber Co. v. Pamlico County*, 242 N.C. 728, 89 S.E. 2d 381.

G.S. 41-10 reads in part:

> "An action may be brought by any person against another who claims an estate or interest in real property adverse to him for the purpose of determining such adverse claims."

[5] In the case under consideration, the plaintiffs contend, and we agree, that the letter from the defendant's lawyer, Mr. Jordan,

is an assertion by the defendant of a claim to an interest in the real property described in the deed to the plaintiffs referred to in the complaint. The defendant claims, through his attorney in the letter, that he has the legal right to rescind the deed or sue for damages. He asserts that not only does he have the right to do so, but he has the legal duty to do so because of his fiduciary relationship as Trustee. If he has the right to rescind the deed, and he claims he has in the letter, that is certainly such interest in the real property described therein as to bring this case within the provisions of G.S. 41-10 permitting an action to be brought by any person against another who claims an interest in real property adverse to him for the purpose of determining such adverse claim. If the defendant in his answer disclaims an interest in the described real property, or suffers judgment to be taken against him without answering, under another provision of G.S. 41-10, the plaintiffs cannot recover costs herein. We conclude that the complaint filed herein meets the minimum requirements of G.S. 41-10 in that it alleges that the plaintiffs own the described land and that the defendant *claims* an interest therein adverse to them.

[6]  In 2 Anderson 2d, Declaratory Judgments, § 604, p. 1354, it is said:

"A declaratory action is an appropriate remedy to perform the function of the customary action to quiet title."

The Supreme Court of North Carolina, in *Insurance Co. v. Roberts*, 261 N.C. 285, 134 S.E. 2d 654, held:

"The Superior Court has jurisdiction to render a declaratory judgment only when the pleadings and evidence disclose the existence of a genuine controversy between the parties to the action, arising out of conflicting contentions as to their respective legal rights and liabilities under a deed, will, contract, statute, ordinance, or franchise. G.S. §§ 1-253 to -267; *Trust Co. v. Barnes*, 257 N.C. 274, 125 S.E. 2d 437; *Greensboro v. Wall*, 247 N.C. 516, 101 S.E. 2d 413; *Lide v. Mears*, 231 N.C. 111, 56 S.E. 2d 404. When jurisdiction exists, a contract may be construed either before or after there has been a breach of it. G.S. § 1-254. The purpose of the Declaratory Judgment Act is, 'to settle and afford relief from uncertainty and insecurity, with respect to rights, status, and other legal relations. . . .' *Walker v. Phelps*, 202 N.C. 344, 349, 162 S.E. 727, 729; *Little v. Trust Co.*, 252 N.C. 229, 113 S.E. 2d 689. It is to be liberally construed and administered."

**[7, 8]**    Applying the foregoing principles of law to the complaint here, we are of the opinion that a liberal construction of the complaint requires the conclusion that the respective legal rights and liabilities mentioned in the complaint relating to these plaintiffs and this defendant accrued under the deed mentioned therein and that this, if raised by answer, constitutes an actual controversy and is a proper subject for an action under the Uniform Declaratory Judgment Act.

> "All persons having any claim or interest in the subject matter of the action whose rights would be affected by the judgment and who are necessary for a final adjudication of the matters involved are necessary parties. A necessary party is one whose rights must of necessity be affected by a judgment in the cause, and is therefore one who must be brought in before the court can proceed to final judgment." 6 Strong, N. C. Index 2d, Parties, § 1.

On the face of the complaint, the only person asserting a claim against the plaintiffs concerning the real property mentioned therein is the defendant. It is alleged that the defendant, as Trustee, conveyed the lands to the plaintiffs. The defendant, as Trustee, asserted his claim and duty to rescind, or sue for damages. It does not appear that other parties are necessary to determine the asserted claim of the right to a rescission of the deed. The subject matter relates to a rescission of the deed on the grounds of the inadequacy of the purchase price. The controversy alleged can be settled in this action, and no one is affected except the parties to the present action.

**[9]**    Defendant's contention that the demurrer should be sustained because the complaint shows that issues of fact are involved is without merit. G.S. 1-261 provides for a jury trial to determine issues of fact in cases brought under the Uniform Declaratory Judgment Act.

The judgment of the Superior Court overruling the demurrer is affirmed. We do not know at this time if the defendant will file answer, or if he does, whether he will thereby raise a controversy justiciable under the Uniform Declaratory Judgment Act.

Affirmed.

CAMPBELL and MORRIS, JJ., concur.