JOHN L. NICHOLS, JR., AND SUSAN BREEDLOVE, D/B/A MOUNTAIN VEN-
TURES, AND BREEDLOVE AND NICHOLS RESORT AND TOXAWAY
PROPERTIES, INC., PLAINTIFFS v. LAKE TOXAWAY COMPANY, INC. (A
NORTH CAROLINA CORPORATION), DEFENDANT

No. 8929SC857

(Filed 1 May 1990)

**1. Declaratory Judgment Act § 3 (NCI3d) — option to purchase clauses in deeds — partial summary judgment — subject matter jurisdiction**

The trial court lacked subject matter jurisdiction to enter partial summary judgment in a declaratory judgment action brought by the owners of four tracts of land whose deeds included rights of first refusal where defendant had sought to exercise his right of first refusal as to only one deed. Although defendants had mailed to Lake Toxaway property owners a letter discussing the first refusal, the letter was targeted at no one in particular and did not allude to any legal recourse that would be taken if the residents did not comply with the terms of their deeds. There was no actual controversy as to the deeds other than lot 9, the property to which defendant was asserting its right of first refusal, and the trial court lacked subject matter jurisdiction to enter an order as to those deeds; the trial court did have subjective matter jurisdiction as to lot 9.

**Am Jur 2d, Declaratory Judgments § 163.**

**2. Deeds § 21 (NCI3d) — right of first refusal — no violation of Rule Against Perpetuities**

The trial court incorrectly entered partial summary judgment for plaintiff as to lot 9 in a declaratory judgment action seeking to have certain Option to Purchase clauses in deeds declared void and unenforceable as violating the Rule Against Perpetuities where the Option to Purchase was a preemptive right and the use of the language "grantee" in the option clause specifically limits the Option to Purchase to the life of the grantee.

**Am Jur 2d, Perpetuities and Restraints on Alienation § 65.**

NICHOLS v. LAKE TOXAWAY CO.

[98 N.C. App. 313 (1990)]

APPEAL by defendant from an Order entered by *Judge Claude S. Sitton* on 31 May 1989 in Superior Court, TRANSYLVANIA County. Heard in the Court of Appeals 6 March 1990.

On 3 April 1987, plaintiffs brought a declaratory judgment action seeking to have certain "option to purchase" clauses contained in their chains of title declared void and unenforceable as violating the Rule Against Perpetuities. Upon hearing, Judge Sitton entered an order of partial summary judgment in favor of plaintiffs and found that the right of first refusal contained in their chains of title did in fact violate the Rule Against Perpetuities. From this order defendants appeal.

Plaintiffs are the owners of four tracts of land in Hogback Township near Lake Toxaway, North Carolina. Plaintiff Nichols and wife acquired title to property on 31 October 1969 delineated as Lot No. 10, Block "D" on a plat of Lake Toxaway Company, recorded in Book 2, page 160 and pursuant to the same deed, title to Lot No. 9DA, Block "D" of Plat Book 3, page 69, Transylvania County Registry. On 7 November 1983, plaintiff Mountain Ventures acquired property described as Lot 7, Block EE, as shown on a plat of Lake Toxaway Company recorded in Book 2, page 174, Transylvania County Registry. On 24 February 1987, Craig Runge and wife Sharandee Runge conveyed property described as Lot 9, Block L on a plat of Lake Toxaway Company recorded in Plat Book 4, page 28, Transylvania County Registry to plaintiff Mountain Ventures.

Contained in all of these deeds were certain clauses entitled "Options to Purchase." Specifically, these clauses stated as follows:

ARTICLE XVII. OPTION TO PURCHASE. In consideration of the agreement on the part of the grantor, its successors, or assigns, to restrict other lots sold by it in the same subdivision, the grantee agrees that if he or she should desire to sell the said lots or any interest therein, and receives a bona fide satisfactory offer therefor, he or she shall, before accepting said satisfactory offer, submit to Lake Toxaway Property Owners Association, Inc., in writing by certified mail, return receipt requested, the terms of said offer, the name(s) and address(es) of offer(s) and an offer to convey the lot to said Association at the same price and terms. Said Association shall have a period of thirty (30) days . . . within which . . . to complete the said transaction. . . .

Article XV of the deeds states that this provision, among others, is to run in perpetuity.

On 20 March 1987 and 1 April 1987 defendant Lake Toxaway Company attempted to inform Mr. and Mrs. Craig Runge that it was exercising its option to purchase Lot 9 of Block L at the same price and upon the same terms and conditions as they understood was contained in the Offer to Purchase from Mountain Ventures. Lake Toxaway Property Company held this right of first refusal pursuant to an assignment from the Lake Toxaway Property Owners Association to Lake Toxaway Company. On 3 April plaintiffs brought their declaratory judgment action. From an order granting partial summary judgment in favor of plaintiffs, defendant appeals.

*Long, Parker, Hunt, Payne & Warren, P.A., by Jeffrey P. Hunt, for plaintiffs-appellees.*

*Roberts Stevens and Cogburn, P.A., by Isaac N. Northup, Jr. and Vincent D. Childress, Jr., for defendant-appellant.*

LEWIS, Judge.

[1] Defendant first contends that the trial court lacked subject matter jurisdiction to enter partial summary judgment. The Superior Court has no jurisdiction to render a declaratory judgment when the pleadings and evidence do not disclose the existence of a genuine controversy between the parties. *Trust Co. v. Barnes*, 257 N.C. 274, 276, 125 S.E.2d 437, 439 (1962); *City of Greensboro v. Wall*, 247 N.C. 516, 519, 101 S.E.2d 413, 416 (1958); *Lide v. Mears*, 231 N.C. 111, 117, 56 S.E.2d 404, 409 (1949). Defendant argues that as to all deeds except Lot 9, Block L, Deed Book 244 at page 909 ("Lot 9"), the only deed under which the defendant has sought to exercise its right of first refusal, there is no adverse claim. We agree. There is no indication that the defendant seeks to assert a right of first refusal as to the other remaining deeds. The only evidence the plaintiffs have shown on this point is a general letter from the Lake Toxaway Company, mailed to Lake Toxaway property owners at large, stating in part:

> As you may recall, the Lake Toxaway Company has the right of first refusal on virtually all property within Lake Toxaway Estates, whether a lot or home. This is a very important provision which most quality developments enjoy. With this provi-

sion we know the details of all real estate transactions in our community. . . . It is also very important that you or your broker, if not handled by the Lake Toxaway Company, notify us immediately after your contract is executed so that we will have adequate time to process the right of first refusal.

This general letter, targeted at no one in particular and not alluding to any legal recourse that would be taken if the residents did not comply with the terms of their deeds, is not the makings of an "actual controversy" ripe for declaratory judgment. "A mere difference of opinion between the parties . . . without any practical bearing on any contemplated action—does not constitute a controversy. . . ." *Newman Machine Co. v. Newman*, 2 N.C. App. 491, 493-94, 163 S.E.2d 279, 281 (1968), *reversed on other grounds*, 275 N.C. 189, 166 S.E.2d 63 (1969), *quoting*, *Tryon v. Power Co.*, 222 N.C. 200, 22 S.E.2d 450 (1942). A mere fear or apprehension that a claim may be asserted in the future is not grounds for issuing a declaratory judgment. *Id.*

We distinguish this case from *York v. Newman*, 2 N.C. App. 484, 163 S.E.2d 282 (1968). In that case, the defendant had mailed the plaintiff a letter which stated in pertinent part:

In view of the facts and circumstances attendant upon and inherent in the transaction, including the financial and other information in documentary form and the facts as related to us by Mr. Newman, we have further concluded that, in our opinion, Mr. Newman, individually and as Trustee for his minor children, has the legal right to either disaffirm and rescind the transaction or to sue for damages. . . . [W]e are of the opinion that Mr. Newman, in his capacity as Trustee for his minor children, is legally obligated by reason of his duty as a fiduciary to assert his claim as Trustee and that his failure to do so would amount to a breach of his obligations as a fiduciary, for which he could later be held personally liable. . . . Mr. Newman, individually and as Trustee, has requested that we take appropriate and prompt action to enforce his rights arising out of the transactions mentioned above. . . .

*Id.* at 486, 163 S.E.2d at 284. The court also noted that the defendant continued to make demands upon the plaintiffs and to threaten legal action against them. *Id.* There is nothing in the record before us that indicates that any of the above actions were taken by this defendant. We find that no actual controversy exists as to

NICHOLS v. LAKE TOXAWAY CO.

[98 N.C. App. 313 (1990)]

the deeds in question other than Lot 9. Therefore, the trial court lacked subject matter jurisdiction to enter an order as to those deeds.

Defendant did, however, make an attempt to assert its right to first refusal on Lot 9. As to this Lot, the trial court did have subject matter jurisdiction and appropriately considered the parties' claims. The court below found that the right of first refusal contained in the plaintiffs' deed violated the Rule Against Perpetuities and was therefore void and unenforceable. Defendant argues that the court erred in this ruling and asserts that its option to purchase is authorized by law because it is the exercise of a reasonable preemptive right.

[2] A "preemptive right" is a right requiring that "before the property conveyed may be sold to another party, it must first be offered to the conveyor or his heirs, or to some specially designated person." *Smith v. Mitchell*, 301 N.C. 58, 61, 269 S.E.2d 608, 610 (1980). A preemptive right is a right of first refusal. *Id.* North Carolina authorizes the use of preemptive rights so long as they are reasonable and do not impose impermissible restraints on alienation. The two primary considerations which determine the reasonableness or unreasonableness of a preemptive right are (1) the duration of the right and (2) the provisions it makes for determining the price of exercising the right. *Hardy v. Galloway*, 111 N.C. 519, 15 S.E. 890 (1892); *Smith v. Mitchell, supra,* at 65, 269 S.E.2d 613 (1980). A preemptive right is unreasonable if it violates the Rule Against Perpetuities. *Id.*

In the present case, defendant argues that its Option to Purchase does not violate the Rule Against Perpetuities because it states that the Option only bind "the grantees" and not "the grantees, their heirs, and assigns." Defendants argue that by limiting the language only to "the grantees," the Options to Purchase are personal in nature and only bind the original grantees, here the Runges. However, Article XIV in the Runges' deed (Lot 9) states "All of the restrictions, conditions, covenants, charges, easements, and agreements contained herein shall run with the land and be binding on all parties and all persons claiming under them in perpetuity. . . ." This same clause makes exceptions to the general statement quoted above; the clause containing defendant's Option to Purchase is not one of those excepted.

A basic rule of construction is that the specific controls the general. *Smith v. Mitchell*, 301 N.C. at 67, 269 S.E.2d at 614. Fur-

thermore, where there are two possible interpretations of an instrument, one which would render the instrument invalid and one which would render it valid, preference must be given to the interpretation which will render the instrument valid. *Poindexter v. Wachovia Bank & Trust Co.*, 258 N.C. 371, 377, 128 S.E.2d 867, 872 (1963). Because the instrument here specifically limits the Option to Purchase only to the grantee, we agree with the appellant and find that the right to exercise this option is personal to the grantee. The use of the language "grantee" in the Option clause specifically limits the Option to Purchase to the life of the grantee. This very specific language automatically limits the Option to the life of the grantee. The trial court incorrectly entered partial summary judgment for the plaintiff as to Lot 9.

Accordingly, we

Reverse.

Judges WELLS and COZORT concur.