THOMAS MICHAEL KELLEY, Plaintiff v. CITIFINANCIAL SERVICES, INC. and ERIC MOSER, Trustee, Defendants

No. COA10-155

(Filed 20 July 2010)

**1. Mortgages and Deeds of Trust— action to quiet title—motion to dismiss—sufficiency of evidence—cross-indexing of lis pendens provides notice**

The trial court erred by granting defendants' motion to dismiss plaintiff's action to quiet title. Plaintiff's complaint established that he was the owner of the pertinent property and that defendants asserted an interest, through an invalid deed of trust, to the same land. Although the cross-indexing of a *lis pendens* does not, like an injunction, prevent transfers of or encumbrances on land, it makes clear that a subsequent purchaser or encumbrancer takes action knowledgeable of certain risks.

**2. Unfair Trade Practices— motion to dismiss—sufficiency of evidence—refusal to cancel deed of trust**

The trial court did not err by granting defendants' motion to dismiss plaintiff's unfair and deceptive trade practices claim. A defendant relying on a reasonable belief in the legal sufficiency of an interest in real property is not engaged in unscrupulous practices designed to deceive others with an interest in the same property.

**3. Mortgages and Deeds of Trust— action to quiet title—erroneous grant of partial summary judgment—invalid cloud on title**

The trial court erred by denying plaintiff's motion for partial summary judgment regarding a claim to quiet title in the same order dismissing all of plaintiff's claims. The consent judgment in the underlying suit, which was binding on defendants, made clear that defendants' deed of trust operated as an invalid cloud on plaintiff's title to the pertinent property. The claim was remanded for entry of judgment in favor of plaintiff.

Appeal by Defendants from order filed 15 December 2009 by Judge Theodore S. Royster, Jr., in Superior Court, Davie County. Heard in the Court of Appeals 8 June 2010.

KELLEY v. CITIFINANCIAL SERVS., INC.

[205 N.C. App. 426 (2010)]

*Reginald F. Combs, P.C., by Reginald F. Combs, for plaintiff-appellant.*

*Robinson Bradshaw & Hinson, P.A., by Robert E. Harrington and Heyward H. Bouknight, III, for defendants-appellees.*

WYNN, Judge.

When a notice of *lis pendens* is properly cross-indexed, indicating that title to certain property is disputed in pending litigation, subsequent encumbrancers of the subject property will be bound by the judgment resolving the title dispute.[1] Here, Plaintiff Thomas Michael Kelley filed a notice of *lis pendens* indicating the pendency of an action instituted against Francesca Agnoli to recover title to certain real property. Agnoli later deeded the property in trust to Defendant Eric Moser as trustee for the benefit of Defendant CitiFinancial Services. The action was resolved by consent judgment in favor of Plaintiff. Because Defendants are bound by that judgment, we reverse the trial court's grant of Defendants' motion to dismiss and remand for entry of judgment in favor of Plaintiff.

On 4 May 2007, Plaintiff acquired certain real property located in Bermuda Run, Davie County ("the Bermuda Run property"). On 6 August 2007, Plaintiff conveyed the Bermuda Run property to Francesca Agnoli ("Agnoli").

On 21 November 2007, Plaintiff commenced a civil action in Forsyth County alleging that he had been fraudulently induced to convey title to the Bermuda Run property to Agnoli. Plaintiff sought court action forcing Agnoli to return the property to him.[2] On 28 November 2007, Plaintiff filed a notice of *lis pendens* with the Clerk of Superior Court in Davie County.[3] The notice of *lis pendens* specifically referenced the pending litigation between Plaintiff and Agnoli

---

1. *See* N.C. Gen. Stat. § 1-118 (2009).

2. Although the complaint in the Forsyth County action is not included in the record on appeal, the consent judgment issued in that case indicates that Plaintiff "commenced [that] action on November 21, 2007, with the filing of a Complaint alleging fraud, constructive trust, resulting trust, and constructive fraud and seeking the return of [the Bermuda Run property], an engagement ring, and a savings account and seeking compensatory and punitive damages."

3. "Notice of pending litigation must be filed with the clerk of the superior court of each county in which any part of the real estate is located . . . in order to be effective against bona fide purchasers or lien creditors with respect to the real property located in such county." N.C. Gen. Stat. § 1-116(d) (2009).

and stated that Plaintiff sought the transfer of title to the Bermuda Run property.

On 24 March 2008, Agnoli deeded the Bermuda Run property in trust to Defendant Eric Moser as trustee for the benefit of Defendant CitiFinancial Services.

On 13 October 2008, the litigation between Plaintiff and Agnoli concluded when Superior Court Judge Cressie Thigpen entered a consent judgment resolving the dispute. The consent judgment ordered the following:

> 2. On or before November 7, 2008, [Agnoli] will deliver to plaintiff a quitclaim deed to plaintiff to the [Bermuda Run property].

> 3. [Agnoli] is solely responsible for and will hold plaintiff harmless on every encumberance placed on the house by [Agnoli]. This includes, but is not limited to, the deed of trust of Citifinancial . . . .

> 4. Plaintiff is the sole owner of the house; and [Agnoli] is hereby divested of any right, title, or interest in the house.

Agnoli complied with the Consent Judgment and, on 10 October 2008, conveyed to Plaintiff a quitclaim deed to the Bermuda Run property.

Subsequently, Plaintiff, through his agent, contacted Defendants and requested that they cancel the deed of trust, as it constituted a cloud on his title to the Bermuda Run property. Defendants did not comply with this request.

On 31 July 2009, Plaintiff filed the instant action. The complaint sought "a judgment of the Court establishing that Plaintiff's title to the [Bermuda Run property] is free and clear of the lien of the Deed of Trust" and a "permanent injunction ordering Defendants to cancel the Deed of Trust of record, pursuant to N.C. Gen. Stat. § 41-10." The complaint also alleged that Defendants had engaged in unfair and deceptive trade practices.

On 13 October 2009, Defendants filed a motion pursuant to Rule 12(b)(6) to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted. On 12 November 2009, Plaintiff filed a motion for partial summary judgment as to his claim to quiet title. On 7 December 2009, Superior Court Judge Theodore S. Royster, Jr., heard arguments as to both motions. By order filed 15 December 2009, Judge Royster denied Plaintiff's motion for partial summary

**KELLEY v. CITIFINANCIAL SERVS., INC.**

[205 N.C. App. 426 (2010)]

judgment and granted Defendants' motion to dismiss the action. Plaintiff timely filed notice of appeal from the order of dismissal, arguing that the trial court erred both by (I) granting Defendants' motion to dismiss and by (II) denying Plaintiff's motion for partial summary judgment.

## I. Motion to Dismiss

Plaintiff first contends that the trial court erred by granting Defendants' 12(b)(6) motion. When considering an appeal from a motion to dismiss, this Court conducts a *de novo* review. *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673 (2003).

> The test on a motion to dismiss for failure to state a claim upon which relief can be granted is whether the pleadings, when taken as true, are legally sufficient to satisfy the elements of at least some legally recognized claim. In ruling upon a Rule 12(b)(6) motion, the trial court should liberally construe the complaint and should not dismiss the action unless it appears to a certainty that plaintiff is entitled to no relief under any statement of facts which could be proved in support of the claim.

*Arroyo v. Scottie's Professional Window Cleaning*, 120 N.C. App. 154, 158, 461 S.E.2d 13, 16 (1995) (citation omitted), *disc. review improvidently allowed*, 343 N.C. 118, 468 S.E.2d 58 (1996).

### A. Action to quiet title

**[1]** Plaintiff argues that the trial court erred in granting Defendants' motion to dismiss because his complaint stated a *prima facie* case for removing a cloud on the title to the Bermuda Run property.[4] "In order to establish a *prima facie* case for removing a cloud on title, a plaintiff must meet two requirements: (1) plaintiff must own the land in controversy, or have some estate or interest in it; and (2) defendant must assert some claim in the land which is adverse to plaintiff's title, estate or interest." *Chicago Title Ins. Co. v. Wetherington*, 127 N.C. App. 457, 461, 490 S.E.2d 593, 597 (1997) (citing *Wells v. Clayton*, 236 N.C. 102, 107, 72 S.E.2d 16, 20 (1952)), *disc. review denied*, 347 N.C.

---

4. *See* N.C. Gen. Stat. § 41-10 (2009) ("An action may be brought by any person against another who claims an estate or interest in real property adverse to him for the purpose of determining such adverse claims[.]"). Prior to the enactment of this statute, suits to remove a cloud from title were actions in equity. However, "[a]ny action that could have been brought under the old equitable proceeding to remove a cloud upon title may now be brought under the provision of G.S. 41-10." *York v. Newman*, 2 N.C. App. 484, 488, 163 S.E.2d 282, 285 (1968).

574, 498 S.E.2d 380 (1998). The purpose of the statute granting a cause of action to quiet title is to "free the land of the cloud resting upon it and make its title clear and indisputable, so that it may enter the channels of commerce and trade unfettered and without the handicap of suspicion . . . ." *Development Co., Inc. v. Phillips,* 278 N.C. 69, 77, 178 S.E.2d 813, 818 (1971) (quoting *Christman v. Hilliard,* 167 N.C. 4, 8, 82 S.E. 949, 951 (1914)).

In his complaint, Plaintiff asserted that he owned the Bermuda Run property and that the deed of trust held by Defendant Moser for the benefit of Defendant CitiFinancial Services constituted a cloud on Plaintiff's title.[5] An invalid deed of trust would constitute an interest in real property adverse to the interest of the property owner.

> A deed of trust is a three-party arrangement in which the borrower conveys legal title to real property to a third party trustee to hold for the benefit of the lender until repayment of the loan. . . . When the loan is repaid, the trustee cancels the deed of trust, restoring legal title to the borrower, who at all times retains equitable title in the property.

*Skinner v. Preferred Credit,* 361 N.C. 114, 120-21, 638 S.E.2d 203, 209 (2006) (citations omitted), *reh'g denied,* 361 N.C. 371, 643 S.E.2d 591 (2007). Thus, if the deed of trust were invalid, the rightful property owner would be deprived of proper legal title to the property at least until the underlying loan was repaid.

Defendants contend that the consent judgment in the case between Plaintiff and Agnoli as well as the quitclaim deed conveying the land from Agnoli to Plaintiff (both of which were attached to Plaintiff's complaint in the instant case) reveal facts entitling them to dismissal of the action. *See Burgess v. Your House of Raleigh, Inc.,* 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990) ("A complaint may be dismissed pursuant to Rule 12(b)(6) if . . . facts are disclosed which will necessarily defeat the claim."). Specifically, Defendants maintain that "[b]ecause the Consent Judgment and the quitclaim deed establish as a matter of law that Agnoli owned the Bermuda Run Property on 24 March 2008 when she granted the deed of trust to CitiFinancial, the Superior Court properly dismissed Appellant's Complaint . . . ."

---

5. " 'A cloud upon title is, in itself, a title or encumbrance, apparently valid, but in fact invalid. It is something which, nothing else being shown, constitutes an encumbrance upon it or a defect in it—something that shows *prima facie* the right of a third party either to the whole or some interest in it, or to a lien upon it.' " *York,* 2 N.C. App. at 488, 163 S.E.2d at 285 (quoting *McArthur v. Griffith,* 147 N.C. 545, 549, 61 S.E. 519, 521 (1908)).

Essentially, Defendants argue that if Agnoli was the exclusive owner of the property at the time of the conveyance of the deed of trust then she had the right to subject the property to the encumbrance. Therefore, Defendants argue, when the trial court ordered a transfer of a quitclaim deed from Agnoli to Plaintiff, the title transferred was subject to the deed of trust.

This argument fails to recognize the importance of the notice of *lis pendens* filed by Plaintiff prior to the conveyance of the deed of trust. As generally stated, under the doctrine of *lis pendens*,

> When a person buys property pending an action of which he has notice, actual or presumed, in which the title to it is in issue, from one of the parties to the action, he is bound by the judgment in the action, just as the party from whom he bought would have been.

*Hill v. Memorial Park*, 304 N.C. 159, 164, 282 S.E.2d 779, 782 (1981) (quoting *Rollins v. Henry*, 78 N.C. 342, 351 (1878)); *see also* N.C. Gen. Stat. § 1-118 (2009) (discussing the effect of the cross-indexing of a notice of *lis pendens* on a subsequent "purchaser or incumbrancer of the property"). The judgment similarly binds grantees of a deed of trust secured during the pendency of litigation.

Although the cross-indexing of the *lis pendens* does not, like an injunction, prevent transfers of or encumbrances on land, it makes clear that a subsequent purchaser or encumbrancer takes action knowledgeable of certain risks. The applicable statute clarifies that once the notice of *lis pendens* is cross-indexed, it serves as

> constructive notice to a purchaser *or incumbrancer* of the property affected thereby; and every person whose conveyance *or incumbrance* is subsequently executed or subsequently registered is a subsequent purchaser or incumbrancer, and is bound by all proceedings taken after the cross-indexing of the notice to the same extent as if he were made a party to the action.

N.C. Gen. Stat. § 1-118 (2009) (emphasis added). Particularly relevant to this case, when a loan is issued and secured by the right to foreclose against property which the lendor knows or should know to be the subject of litigation, the risk is that the loan will be unsecured pending the outcome of the litigation. Indeed,

> [t]he sole object of lis pendens is to keep the subject in controversy within the power of the court until final decree and to make it possible for courts to execute their judgments. It gives

notice of a claim of which otherwise a prospective purchaser would be ignorant. All property which is the subject matter of suit under the doctrine of lis pendens is *res litigiosa* and is in *custodia legis.*

*Insurance Co. v. Knox*, 220 N.C. 725, 727, 18 S.E.2d 436, 438 (1942) (emphasis omitted). The theory espoused by Defendants would permit Agnoli to offer her interest in the Bermuda Run property as security for a loan at any time preceding divestment of her title to the property and then permit that security instrument to bind Agnoli's opponent in litigation. This would render the trial court incapable of executing its full judgment (i.e., transferring the land, in its unencumbered state, back to its rightful owner, Plaintiff). Instead, upon the cross-indexing of the *lis pendens*, the property, although freely assignable, was subject, as a result of the judgment of the trial court, to a return to Plaintiff free of any encumbrances added subsequent to the cross-indexing.

In the instant case, Defendants were on notice, prior to the execution of the deed of trust, that the title to the Bermuda Run Property was subject to pending litigation. Plaintiff properly filed a notice of *lis pendens* on 28 November 2007 with the Clerk of Superior Court in Davie County. The notice of *lis pendens* bears the file number 07 M 142 as indexed in the office of the Clerk of Superior Court of Davie County. *See* N.C. Gen. Stat. § 1-117 (2009) ("Every notice of pending litigation filed under this Article shall be cross-indexed by the clerk of the superior court in a record, called the "Record of Lis Pendens[.]"). The cross-indexing of the notice of *lis pendens* placed Defendants on constructive notice of the pendency of the litigation. N.C. Gen. Stat. § 1-118 (2009).

Moreover, there is some evidence in the record that the Defendants had *actual* notice of pendency of litigation between Plaintiff and Agnoli. Defendants' interest was protected by a title insurance policy issued by First American Title Insurance Company. Notably, the policy specifically exempted coverage resulting from loss or damage due to the "Lis Pendens against Francesca Agnoli by Thomas Michael Kelley, in the amount (not given), filed 11/28/2007 in, ID number D7M142 in Davie County Records." "[W]here one buys from a litigant with full notice or knowledge of the suit and of its nature and purpose and the specific property to be affected, he is concluded or his purchase will be held ineffective and fraudulent as to decree rendered in the cause and the rights thereby established." *Morris v. Basnight*, 179 N.C. 298, 303, 102 S.E. 389, 392 (1920).

KELLEY v. CITIFINANCIAL SERVS., INC.

[205 N.C. App. 426 (2010)]

Because Defendants fail to recognize the operation of the doctrine of *lis pendens*, their argument on appeal also fails. Furthermore, because a notice of *lis pendens* was cross-indexed prior to the conveyance of the deed of trust, Defendants are bound by the consent judgment. *See* N.C. Gen. Stat. § 1-118 (2009); *see also Johnson v. Brown*, 71 N.C. App. 660, 323 S.E.2d 389 (1984) (holding that mortgagee would be bound by judicial determination of mortgagor's title because *lis pendens* evidencing challenge of conveyance to mortgagor was indexed prior to conveyance to mortgagee and any actual or constructive notice of pending litigation would bind mortgagee).

The language of the consent judgment made clear that the property was to be returned to Plaintiff.[6] It further stated that the deed of trust executed by Agnoli constituted a legal obligation that was not binding on Plaintiff and could not legally encumber the Bermuda Run property.[7]

In short, Plaintiff's complaint established that he was the owner of the Bermuda Run property and that Defendants asserted an interest, through an invalid deed of trust, in the same land. These averments were sufficient to state a cause of action to quiet title, and the trial court erred by granting Defendants' motion to dismiss with respect to that claim. *Wetherington*, 27 N.C. App. at 461, 490 S.E.2d at 597.

### B. Action for unfair and deceptive trade practices

[2] Plaintiff further contends that the trial court erred by granting Defendants' motion to dismiss because he stated a *prima facie* case against Defendants for unfair and deceptive trade practices. "In order to establish a *prima facie* claim for unfair [or deceptive] trade practices, a plaintiff must show: (1) defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff." *Dalton v. Camp*, 353 N.C. 647, 656, 548 S.E.2d 704, 711 (2001).

Even assuming the truth of the allegations in Plaintiff's complaint, he has failed to state therein a *prima facie* case for unfair or deceptive trade practices.

---

6. "Plaintiff is the sole owner of the house; and, except as provided in [a provision allowing Agnoli to stay in the house until 7 November 2008], defendant is hereby divested of any right, title, or interest in the house."

7. "Defendant is solely responsible for and will hold plaintiff harmless on every encumbrance placed on the house by defendant. This includes, but is not limited to, the deed of trust of Citifinancial . . . ."

KELLEY v. CITIFINANCIAL SERVS., INC.

[205 N.C. App. 426 (2010)]

A practice is unfair if it is unethical or unscrupulous, and it is deceptive if it has a tendency to deceive. The determination as to whether an act is unfair or deceptive is a question of law for the court. . . . Moreover, some type of *egregious* or *aggravating* circumstances must be alleged and proved before the Act's provisions may take effect.

*Id.* at 656-57, 548 S.E.2d at 711 (citations and quotation omitted). The complaint states that "Defendants have failed and refused to cancel or otherwise remove the Deed of Trust of record." There was no indication in the complaint or supporting documents that Defendants refused to cancel the deed of trust in an attempt to deceive Plaintiff or other consumers.[8] Nor do the allegations in the complaint establish that Defendants acted unethically by refusing to voluntarily cancel the deed of trust. Rather, the complaint itself intimates that Defendants believed that they had a valid deed of trust, as evidenced by belief in the protection afforded by their title insurance as well as their understanding that there was no need to remove the encumbrance without payment of an amount sufficient to satisfy the debt secured by the Bermuda Run property. Furthermore, Defendants' answer vigorously contends that the deed of trust was valid. We are disinclined to hold that a Defendant relying on a belief in the legal sufficiency of an interest in real property is somehow engaging in unscrupulous practices designed to deceive others with an interest in the same property. *See Branch Banking & Trust Co. v. Columbian Peanut Co.*, 649 F. Supp. 1116, 1121 (E.D.N.C., 1986) ("To assert in good faith a claim predicated on an erroneous interpretation of the law is not an unfair act . . . as the remedy therfor [sic] lies in the law itself, i.e., such an erroneous view will not prevail."). As such, we hold that the trial court properly granted Defendants' motion to dismiss Plaintiff's action for unfair or deceptive trade practices.

## II. Motion for Partial Summary Judgment

[3] Plaintiff's final argument on appeal is that the trial court erred by denying his motion for partial summary judgment as to the claim to quiet title.

---

8. The mere fact that the complaint alleged that Defendants "deceptively maintained the Deed of Trust on the public record" is insufficient to establish a deceptive trade practice on the part of Defendants. Indeed, there was no indication that the retention of the deed of trust was intended to deceive, as demonstrated by the fact that representatives of both Plaintiff and Defendants openly discussed the Defendants' refusal to cancel the deed of trust.

KELLEY v. CITIFINANCIAL SERVS., INC.

[205 N.C. App. 426 (2010)]

Ordinarily, the denial of a motion for summary judgment is an interlocutory order which is not appealable. *See Hallman v. Charlotte-Mecklenburg Bd. of Educ.*, 124 N.C. App. 435, 437, 477 S.E.2d 179, 180 (1996). An interlocutory order is one that "does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). However, in this case, the order denying Plaintiff's motion for partial summary judgment was the same order dismissing all of Plaintiff's claims. "[T]he allowance of a motion to dismiss is final, and of course appealable." *Clements v. R. R.*, 179 N.C. 225, 226, 102 S.E. 399, 400 (1920). Thus, although Plaintiff's motion was one for summary judgment, the denial thereof, which coincided with the final judgment in the case, is properly subject to appellate review. *See Industries, Inc. v. Construction Co.*, 42 N.C. App. 259, 272, 257 S.E.2d 50, 59 ("Ordinarily, the denial of a motion for summary judgment does not affect a substantial right so that an appeal may be taken, but the moving party is free to preserve his exception for consideration on appeal from the final judgment."), *disc. review denied*, 298 N.C. 296, 259 S.E.2d 301 (1979); *see also Estes v. Comstock Homebuilding Companies*, 195 N.C. App. 536, 593 n. 3, 673 S.E.2d 399, 401 n.3 ("An appeal from an order denying partial summary judgment for defendant is typically interlocutory, however, a final determination as to liability and damages was reached in this case, therefore this appeal is not interlocutory."), *disc. review denied*, 363 N.C. 373, 678 S.E.2d 238 (2009).

We review the denial of a motion for summary judgment *de novo*. *Falk Integrated Tech., Inc. v. Stack*, 132 N.C. App. 807, 809, 513 S.E.2d 572, 574 (1999). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2009).

The essential facts are undisputed and reproduced in greater detail above. In short, Plaintiff filed a suit affecting the title to the Bermuda Run property and subsequently filed a notice of *lis pendens*. The notice of *lis pendens*, when cross-indexed, served as constructive notice to Defendants that the validity of the deed of trust thereafter conveyed to them was subject to the judgment in the underlying suit.

The consent judgment in the underlying suit, which was binding on Defendants, makes clear that Defendants' deed of trust operated as an invalid cloud on Plaintiff's title to the Bermuda Run property. The judgment divested Agnoli of any "right, title, or interest" in the Bermuda Run property and stated that "Plaintiff is the sole owner of the house." The judgment further stated that "[Agnoli] is solely responsible for and will hold plaintiff harmless on every encumbrance placed on the house by [Agnoli]."

In light of these undisputed facts, we hold that the trial court erred when it denied Plaintiff's motion for partial summary judgment. As such, we remand to the trial court for entry of judgment in favor of Plaintiff as to his claim to quiet title.

Reversed and Remanded.

Judges ROBERT C. HUNTER and CALABRIA concur.